Note.—See under (1) 13 C. J. p. 597 §616; 22 C. J. pp. 1098. 1102, §1459; p. 1180 §1573; anno. 17 L. R. A. 270: 10 R. C. L. pp. 1016 et seq. 2 R. C. L. Supp. p. 1139; 4 R. C. L. Supp. p. 685; 5 R. C. L. Supp. p. 582. (2) 22 C. J. p. 1220 §1625; p. 1228 §1637. (3) 22 C. J. p. 1122 §1487; p. 1259 §1678; 10 R. C. L. p. 1023; 2 R. C. L. Supp. p. 1141; 4 R. C. L. Supp. p. 687; 5 R. C. L. Supp. p. 583.

---

## STOKES, Adm'x, v. COLLUM COMMERCE CO. et al.

No. 16206—Opinion Filed Sept. 28, 1926.

Rehearing Denied Nov. 23, 1926.

1. **Death—Action for Death by Surviving Wife and Children not Barred by Release Executed by Decedent.**

1. Under the law as provided by section

824, C. S. 1921, a release or settlement made by the injured employee, after the injury and prior to his death, for his suffering and loss, is not a bar to the action by the widow and children, if any, or next of kin for their benefit for the death, if it resulted from the injury.

**2. Appeal and Error—Reversible Error—Instructions not Covering Issues—Objections.**

It is reversible error for the trial court to wholly fail to give an instruction on a material issue, clearly raised by the pleadings and proof offered, and a general objection taken as required by law to the instructions given is sufficient to enable the aggrieved party to avail himself of such error on appeal, when same is properly assigned as error.

**3. New Trial—Grounds—Sufficiency of Newly Discovered Evidence.**

Where it is alleged in an action for damages that the injury complained of resulted from the turning over of a delivery hack because of the bad condition and improper construction of the hack, in that it was top-heavy, and upon the trial of the case the jury is permitted on request of defendant and over the objections of plaintiff, to view the hack, upon the theory that the hack is in the same condition that it was at the time the injury complained of was sustained, and the petition for new trial set up the fact that subsequent to the trial and the terms of court at which the case was tried, plaintiff for the first time discovered that said hack had been repaired and materially changed, in that the top or body had been cut down and lowered four inches during the interval of time between the date of the accident and the trial of the case, held, that the construction of the hack, being one of the material issues in the case, and being in the possession and under the control of the defendant, who offered same in evidence, that the newly discovered evidence was sufficient to entitle plaintiff to a new trial.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Nannie Stokes, administratrix of the estate of J. D. Stokes, deceased, against Collum Commerce Company et al. Judgment for defendants, and plaintiff brings error. Affirmed on first count, and reversed and cause remanded for a new trial on second count.

W. R. Withington and Twyford & Smith, for plaintiff in error.

H. A. Wilkinson, Roscoe Bell, and Patrick Carr, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Oklahoma county, by Nannie Stokes, administratrix, plaintiff, against Dennis P. Collum et al., defendants, to recover damages for injury received by her husband, J. D. Stokes, which she alleges resulted in his death. Plaintiff sued upon two separate counts: First, for the personal injury suffered by the said J. D. Stokes in his lifetime, and for the benefit of the estate of deceased; and, second, the injury sustained by this plaintiff and next of kin by reason of the death of the said J. D. Stokes as the result of the negligence of the defendants.

The action seems to have been dismissed as to all of the defendants except Dennis P. Collum, and upon the trial of the case to the court and jury, judgment was rendered in favor of defendant and against plaintiff. The plaintiff filed motion for a new trial in due time, and after the expiration of the term of the court at which the cause was tried, filed a petition for a new trial based upon newly discovered evidence. The motion and petition for new trial were heard by the court, overruled, and judgment rendered in accord with the verdict of the jury, from which judgment the appellant prosecutes this appeal, and assigns various specifications of error.

The facts, as disclosed by the record, show that J. D. Stokes and one Joe Jacobson were employed by the Collum Commerce Company, a corporation, owned solely by the defendant, Dennis P. Collum, same being a wholesale mercantile establishment, and the said Stokes and Jacobson were employed by the corporation to sell and deliver goods to retail purchasers in Oklahoma City for said corporation, and in the sale and delivery of said goods said employees used a hack or wagon, and on the occasion of the injury, were driving said hack across a street railway crossing in Oklahoma City, when said hack turned over, throwing the said J. D. Stokes out upon the curb, and the wagon or hack fell upon him, resulting in fracturing his thigh bone. He was immediately carried to St. Anthony's Hospital, where he received treatment for the injury sustained, and remained there for several weeks, at which time he was returned to his home, where he lingered for several months and died, never having regained his former health, and the fracture never healed sufficiently to enable him to use his limb. During his lifetime, and subsequent to the date on which he received the injury, the said Stokes executed a release for a consideration of $312.35, which was the amount of his medical and hospital bills, and the release

is set up by the defendants as a bar to plaintiff's causes of action.

Plaintiff contends that the release relied upon was obtained by fraud, and attempts to avoid the effect of same by reason of this contention. Defendants further aver in their answer, aside from a general denial and the plea of the release, the plea of contributory negligence and assumption of risk.

We will first consider the effect of the release executed by decedent, Stokes, during his lifetime. The court instructed the jury that, if the release was properly executed and obtained, they should find for the defendants. The release, if properly obtained, would be a valid defense to the cause of action set forth in plaintiff's first count, which is based upon the rights personal to the decedent, and upon his death inured to the benefit of his estate, and involves a matter over which the decedent had absolute control during his lifetime. From an examination of the record, we find that there is a conflict of evidence as to the manner in which the release was secured, and as to the condition under which it was executed by decedent, but we find ample evidence to sustain the verdict of the jury and the judgment of the court in this particular. It is true that the judgment is general, but in view of the fact that there was sufficient evidence to establish the validity of this release, it is fair to assume that the jury took this view of this phase of the case. If this conclusion is correct, then the matters raised by the petition for rehearing based on newly discovered evidence have no bearing upon this phase of the case, because the newly discovered evidence, as set forth in plaintiff's petition, does not purport to have any bearing or effect upon the execution of the release, and the instruction complained of is not erroneous in so far as the element of damages sought to be recovered in the first count is concerned, and under the general rule adopted by this court, to the effect that, where there is competent evidence, reasonably tending to support the verdict of the jury and the judgment of the court based thereon, same will not be disturbed on appeal by this court, the judgment, in so far as the first court of plaintiff's petition is concerned, should be affirmed.

The issue raised by the second count of plaintiff's petition, which is based on the death of the decedent, and the rights of the widow and next of kin, presents an entirely different question, and instruction No. 19, which instructs the jury, in substance, that if they found that the decedent executed the release, and that there was no fraud attending same, they should find for the defendant, could have no application to plaintiff's second cause of action, because that is based upon the death of the decedent, and obviously no release executed by him could affect the rights of his widow and next of kin, under the second cause of action. No instruction was given on this phase of the case. This we think constitutes error.

Section 824, C. S. 1921, provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be connected within two years. The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

And this court held in the case of St. Louis & S. F. R. Co. v. Goode, Adm'x, 42 Okla. 784. 142 Pac. 1185:

"The right of action of a person, injured through the wrongful act of another, to recover the damages sustained thereby, existed at common law, but abated upon the death of such injured person. This common-law right of action survives, and is thus preserved, in the personal representative of decedent, by the terms of sections 5943, 5944, Comp. Laws 1909 (being secs. 823 and 824, C. S. 1921. Rev. Laws 1910, secs. 5279, 5280), and the cause of action and its survival are quite independent of sections 5945, 5946. Comp. Laws 1909 (Rev. Laws 1910, secs. 5281, 5282) relating to the recovery of damages for the benefit of certain beneficiary therein named. And such action may be prosecuted to final judgment by the administrator, notwithstanding death resulted from such injuries."

In the body of the opinion at page 791:

"When it is once conceded or established that the widow's action, under section 5945 of the statute, is an entirely new cause of action, it follows that it is independent, both in the right and the enforcement of it, of section 5943; in other words, this last-named section might be stricken from the law without injury to the right to recover the widow's damage. And as has been suggested elsewhere, the right to recover decedent's personal damage for his estate is perfect under the common law, aided by section 5943, independent of and without any aid from section 5945. This leads us to believe that the two causes of action, in cases such as this, are coexistent; that a recovery on the one does not bar a recovery on the other; that the damages to the estate begin

with the wrong and cease with the death; that the widow's damages begin with the death; that they do not cover the same field, nor do they overlap. We think, after a somewhat extended study of the cases, arising under a similar condition of the statute law, that the holding there made is supported not only by reason, but by the weight of authority."

And the Supreme Court of Kansas, in the case of Chicago, R. I. & P. Ry. Co. et al. v. Martin, 59 Kan. 437, 53 Pac. 461, in the fourth paragraph of the syllabus held:

"A stipulation in a stock pass, on which the deceased was riding, in terms limiting the liability of the receivers of the railway company for injuries to him resulting from the negligence of their servants, does not limit the recovery of his administratrix for damages sustained by the widow and children through his death, for which a right of recovery is given to her by section 418. c. 95, Gen. St. 1897."

The section of the Kansas statute is the same as that of our statute. We seem to have borrowed or adopted the Kansas statute, and while the Kansas opinion was rendered subsequent to the time of the adoption of this statute by this state, and is not necessarily controlling, we think it good law, and should be followed, and is a very similar question to the one involved in the instant case. The deceased was riding on what is denominated a stock pass, under a contract exempting the company from liability, which deprived the deceased, the passenger, of the right and privilege ordinarily accorded to regular passengers. The Supreme Court of Kansas held that this was a bar to a recovery under the first section, which is the same as section 823 of our statute, but was not a bar to the right of recovery to an action based on section 824, supra, which gives to the widow and children a cause of action against the defendant for the death of the husband.

In the body of the opinion we find this language:

"This action is not prosecuted by Martin himself, nor by his administratrix for the benefit of his general estate. It is an action instituted by his widow as administratrix under section 418, Gen. St. 1897, for the benefit of herself and the children of the deceased. It is to recover their damages resulting from the death of the husband and father, rather than to the deceased. Against their rights the deceased had no authority to contract. The cause of action for which the plaintiff sues never accrued to him. It could only accrue as a result of his death. His stipulation, even if binding on himself, is no defense against the statutory right of the plaintiff."

Under these authorities we think it clear that the release, executed by the deceased during his lifetime, would not be a bar to the prosecution of the cause of action set up in plaintiff's second count.

The fact set forth in the petition for new trial, based on newly discovered evidence, and especially that portion of plaintiff's petition which sets forth the fact that the jury were permitted to view the wagon or hack driven by the decedent at the time the injury occurred, which act of the court was objected to by the plaintiff for the reason that the evidence did not show that the hack was in the same condition at the time of the trial as it was at the time of the accident and injury, and a portion of the newly discovered evidence was to the effect that it had been discovered subsequent to the trial that the hack had been repaired and the top or body had been cut down about four inches, we think very material, because of the fact that one of plaintiff's principal allegations and contentions was that the hack was top-heavy and improperly constructed in this particular, which caused it to turn over, resulting in the injury complained of, and this fact is further pertinent for the reason that the evidence of the defendant tended to show that it was in the same condition; but the evidence relied on is not of a conclusive nature, and was not given by witnesses who had been in the continuous possession of the hack during the interval of time between the date of the accident and the trial. The release executed by the decedent having no application to the second count, we must assume that the jury, in so far as the second count is concerned, at least found that there was no negligence on the part of the defendant by reason of the construction and condition of the hack used and driven by decedent at the time of the accident. The testimony of the witnesses as to the character and condition of the hack was conflicting, and we are inclined to the opinion that the viewing of the hack had great weight with the jury in arriving at the conclusion which they did. The condition of the hack and whether or not any material changes or repairs had been made, being a matter clearly within the knowledge of the defendant, and the defendant being the party who insisted on the jury viewing the hack, he should have been required to disclose the entire truth concerning the condition of and the repair of the hack, and should be held strictly responsible for any error that may have occurred by reason of his own improper conduct, assuming, of course, that the allegations of plaintiff's petition presented for new trial, based on the newly discovered evi-

dence, be true, and this assumption is justifiable under the present state of the record, because no evidence was offered by defendant on the hearing of the petition for new trial, contradicting the newly discovered evidence set forth. We therefore find that the action of the trial court in denying the motion and petition for new trial, in so far as the rights of the plaintiff are concerned under the second count of her petition, was erroneous, and that the judgment of the trial court should be affirmed as to the first cause of action of plaintiff's petition, and reversed as to the second cause of action, and the cause remanded for a new trial on the second count of plaintiff's petition.

By the Court: It is so ordered.

Note.—See under (2) 3 C. J. p. 850, §756; 4 C. J. p. 1050, §3032 anno. 14 R. C. L. p. 793; 3 R. C. L. Supp. p. 287; 4 R. C. L. Supp. 920; 5 R. C. L. p. 778. (3) 4 C. J. p. 835, §2817, 29 Cyc. p. 881.