BOARD OF EDUCATION OF WILSON COUNTY v. TOWN OF WILSON.

(Filed 8 March, 1939.)

1. **Schools § 27: Municipal Corporations § 43—County board of education held not entitled to recover from municipality funds allocated to it by State from intangible tax, even though municipality is in nowise liable for maintenance of constitutional school term.**

The State, through its appropriate agency, allocated to defendant municipality upon the basis set out in the statute, a portion of the tax collected by the State on intangible personal property. Schedule H, Art. VIII, of ch. 127, Public Laws of 1937. There was no school district coterminous with the corporate limits of the municipality, and the municipality in its corporate capacity was charged with no responsibility for providing facilities and equipment for the maintenance of the constitutional school term within its limits, and had no bonded or other indebtedness outstanding for this purpose, the county having assumed all district school bonds, including the district in which the municipality was included. The county board of education instituted this action for the recovery of the funds, claiming that the act required their expenditure for school purposes. Art. V, sec. 6; Art. IX, secs. 2 and 3. *Held:* The county board of education is not entitled to recover the funds, since it could not expend the funds as agent of the municipality in discharging the debts of the municipality for school purposes since the municipality had no such debt, nor could it expend such funds for school purposes in any of its districts since there was no district coterminous with the municipal limits and such expenditure would take taxes collected from citizens of the municipality and expend same in part for the benefit of those living outside its limits, and since the act does not provide for distribution of the funds to the county board of education in such cases and such provision may not be interpolated therein, and since by a proper construction of the act the provision for expenditure for school purposes may relate to counties rather than to cities and towns. The right of the State to recover such funds, Art. V, sec. 7, is not presented, the State not being a party.

**2. Statutes § 5a—**

The courts may not interpolate provisions which are wanting in a statute and thereupon adjudicate the rights of parties thereunder.

**3. Trusts § 8g—The doctrine of cy pres does not prevail in North Carolina.**

While ordinarily equity will not permit a trust to fail for want of a trustee, and in a proper case may appoint the trustee, this principal does not extend to the expenditure of the trust funds for another purpose or for the benefit of those outside the territorial limits designated in the trust, or where the purpose of the trust has failed, the doctrine of *cy pres* not prevailing in this jurisdiction.

APPEAL by plaintiff from *Bone, J.,* at Chambers, 7 January, 1939, of WILSON. Affirmed.

*Connor & Connor for plaintiff.*
*Finch, Rand & Finch and W. A. Lucas for defendant.*

DEVIN, J. The Board of Education of Wilson County instituted its action to recover the sum of $1,701.30 which had been allocated and paid to the Town of Wilson under the Intangible Personal Property Schedule of the Revenue Act of 1937.

Under the provisions of Schedule H, Art. VIII, of ch. 127, Public Laws 1937, the State levied and collected a tax on certain forms of intangible personal property, to-wit: bank deposits, money on hand, accounts receivable, certain deposits with insurance companies, evidences of debt, and shares of stock (secs. 700 to 716 inclusive). The act provided that fifty per centum of the total amount so collected should be returned to the counties and cities of the State, the distribution to be, as to some taxes, upon the basis of amounts collected in each county, and as to other taxes upon the basis of population. The act further provided that the amounts allocated to each county should in turn be divided between the county and all municipalities therein in proportion to the total amount of ad valorem taxes levied in each on tangible personal property during the preceding fiscal year. Pursuant to this statute, the State of North Carolina, through its proper agency, allocated the fund created by collections from the taxpayers of Wilson County and the Town of Wilson, and made distribution thereof to the County and to the Town upon the basis set out in the statute. From this source there was transmitted to and received by the Town of Wilson the sum of $1,701.30, which was duly covered into its treasury.

The plaintiff Board of Education of Wilson County now brings this action to require the defendant Town of Wilson to turn over this sum to the plaintiff so that it may be used for school purposes in accordance

with the provisions of the act. The defendant maintains its right to retain the fund and to use it as other public funds for general corporate purposes.

It was admitted that there was no school district whose boundaries were coterminous with the corporate limits of the Town of Wilson, that there was no indebtedness for school purposes for which the Town was liable, that the Town levied no taxes for public schools, and was under no duty to maintain a six months' school term. It was not denied that the County of Wilson had assumed all district school bonds of the County, including those of the district in which the Town of Wilson was included.

There was no controversy as to the material facts which were set out in the pleadings. The court below, being of opinion that the plaintiff was not entitled to recover the fund sued for, dismissed the action, and the plaintiff appealed to this Court.

The determination of the question presented by this appeal involves an interpretation of certain provisions of the Revenue Act relating to the tax upon intangible personal property. At the beginning of Art. VIII of the act, wherein this class of property is segregated for State taxation, it is stated that "Taxes levied in this Article (are) for the maintenance of the public schools of the State under authority of sec. 6, Art. V of the Constitution." By this declaration the General Assembly apparently endeavored to avoid the suggestion of exceeding the general limitation placed by the quoted section upon its taxing power upon property, and to levy the tax as one within the proviso which excepts from the limitation taxes for the maintenance of the public schools of the State for the constitutional period. Also, at the end of that portion of the act dealing with the method of distribution of the fund derived from this taxation between the counties and municipalities, these words are found: "The amounts distributed to the counties and cities of the State shall be used for the payment of principal or interest on indebtedness or expenses incurred on account of providing facilities and equipment necessary for the maintenance of the constitutional six months' public school term."

It is admitted that the Town of Wilson had no bonded or other indebtedness for expenses incurred "on account of providing facilities and equipment" for the maintenance of public schools, and that the Town in its corporate capacity, is charged with no responsibility with respect to providing facilities for them.

The Constitution of North Carolina recognizes that the maintenance of public schools is primarily a duty resting upon the State. It declares that "the General Assembly  .  .  .  shall provide by taxation

and otherwise for a general and uniform system of public schools" (Art. IX, sec. 2), and it is required of the counties as administrative subdivisions of the State that "each county of the State shall be divided into a convenient number of districts in which one or more public schools shall be maintained at least six months in every year, and if the commissioners of any county shall fail to comply with the aforesaid requirement of this section, they shall be liable to indictment" (Art. IX, sec. 3). *Moore v. Board of Education,* 212 N. C., 499, 193 S. E., 732.

It would seem, therefore, that the more reasonable interpretation of the act is that the clause referring to the use of the fund for the maintenance of the constitutional six months' public school term, relates to the counties upon whom alone a duty in this respect is imposed, rather than to the cities and towns charged with no such obligation.

Can the Board of Education of Wilson County now maintain an action to recover from the Town of Wilson the amount which has been allocated according to the method prescribed by the act and paid to the Town as its proper share of the fund derived from taxation upon the property of its citizens? If so, how would the fund be expended? Since there is no school district coterminous with the Town of Wilson, nor school indebtedness obligatory upon the Town, the fund would necessarily have to be expended for the benefit of school districts or portions thereof outside of the Town of Wilson—thus using funds created by taxation upon the property of residents of the Town for the benefit of the County, in exoneration in part of indebtedness due by the County and by other municipalities of the County.

While ordinarily a court of equity will not permit a trust to fail for want of a trustee, and in a proper case may appoint the trustee, the analogy will not be extended to include the right of another agency, as trustee, to use the trust fund for purposes beyond the designated limits and for purposes other than those specified, or where the purpose of the trust has failed. The *cy pres* doctrine does not prevail in North Carolina. If there were outstanding indebtedness which had been incurred by the Town of Wilson for the school purposes mentioned in the statute, it might be said that the Board of Education of Wilson County could properly administer the fund as an agency of the Town, and hence might be given control of the fund for that purpose. But that is not the case here.

It will also be noted that the act purports to limit the use of the fund allocated to the counties and towns to payments on indebtedness for school facilities and equipment, and does not authorize its appropriation to any other school purpose. It involves no details of administration.

It is urged that as the fund now in the hands of the Town was created for certain definite school purposes and the County Board of Education

is the only agency clothed with power to effectuate those purposes, the latter should be permitted to recover the fund in order to do so.

But we cannot concur in that view. Where the fund has been duly allocated and paid to the Town of Wilson in accordance with the explicit requirements of the statute, there is no provision in the act permitting another corporate entity to remove it therefrom. The County Board of Education is not referred to or recognized as a party to the distribution of the fund under the statute. Only counties and municipalities are made recipients. Whatever may have been the legislative intent relative to this situation, it was not expressed, and we may not interpolate provisions which are wanting in the statute and thereupon adjudicate the rights of parties thereunder.

Whether the State, having allocated the proper amount due to the Town of Wilson under the act, and having paid the same to the Town to be used as prescribed by the act, upon ascertaining that there was no indebtedness incurred by the Town for school facilities, could have recovered the amount so paid, as having been applied by the State to purposes other than those prescribed by the act (Constitution, Art. V, sec. 7), is a question not presented on this record, as the State is not a party and is asking no relief. The only party plaintiff before us on the record is the Board of Education of Wilson County.

We have examined the case of *Jones v. Commissioners,* 143 N. C., 59, 55 S. E., 427, cited by appellant, but do not regard the decision in that case as controlling on the facts presented by the record before us.

We conclude that the court below has correctly ruled upon the admission in the pleadings that the plaintiff is not entitled to the relief sought. The judgment of the Superior Court is

Affirmed.