HUGH BREEDING, INC., and Casualty Reciprocal Exchange of Kansas City, Missouri, and Richard Scott Bailey, Plaintiffs in Error,

v.

Charles E. DANIEL, Administrator of the Estate of Robert E. Stinson, Deceased, Defendant in Error.

No. 39502.

Supreme Court of Oklahoma.

May 15, 1962.

Rehearing Denied July 10, 1962.

Rucker, Tabor, Best, Sharp & Shepherd, Bryan W. Tabor, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for plaintiffs in error.

Crowe, Thieman & Froeb, by F. Paul Thieman, Jr., Tulsa, Arthurs, Blackstock & McMillan, by Robert W. Blackstock, Bristow, for defendant in error.

PER CURIAM.

The parties will be referred to as they appeared in the trial court.

On August 10, 1956, plaintiff's decedent, Robert E. Stinson, received personal injuries occasioned by the collision of an automobile driven by him and a transport truck owned by defendant, Hugh Breeding, Inc., and driven by defendant Richard Scott Bailey. Defendant Casualty Reciprocal Exchange of Kansas City, Missouri, was insurer of the truck. On October 9, 1956, decedent accepted the sum of $2,000.00 paid by defendant Hugh Breeding, Inc., in full settlement of his claim of damages for personal injuries suffered by him in said accident and for all doctor and hospital bills incurred by him and executed and delivered to the defendants his certain release, releasing Hugh Breeding Inc., and Richard Scott Bailey.

Stinson died on November 27, 1958 and this action was instituted by the administrator of his estate on June 10, 1959, to recover for the use and benefit of the widow and minor children, the pecuniary loss suffered by each by reason of the death of Robert E. Stinson, resulting from the injuries received in the accident on August 10, 1956. In their answer the defendants alleged the cause of action was barred by the statute of limitations and that the plaintiff was precluded from maintaining the action by reason of the release executed by the decedent on October 9, 1956.

The trial court sustained the motion of the plaintiff to strike that portion of defendants' answer pleading the statute of limitations to which action the defendants duly excepted. Judgment was in favor of the plaintiff and after defendants' motion for new trial was overruled, the defendants perfected their appeal.

Inasmuch as only the questions of limitations and the legal effect of the release are involved, and the above statement contains all information necessary to pass on the two contentions, no further reference to the pleadings or evidence will be made.

■ The defendants contend this action not having been filed within two years from the date of the accident on August 10, 1956, the same is barred by the statute of limita-

tions; that the decedent Robert E. Stinson having accepted the sum of $2,000.00 in settlement of his claim for personal injuries occasioned by the accident, the receipt executed by him on October 9, 1956, precludes recovery herein.

This action was instituted under authority of Title 12 O.S.1961 § 1053, which provides as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

The defendants contend that more than two years having elapsed from the date of the accident, August 10, 1956, causing the injuries and the decedent not having commenced an action for the personal injuries received therein within two years from August 10, 1956, he could not have maintained the action had he lived. In support of this contention that the present action is therefore barred by the statute of limitations they cite out of state cases, and two English cases. These cases are not applicable. Our Court has passed on an identical question adversely to the defendants. In the case of Weatherman v. Victor Gasoline Co., 191 Okl. 423, 130 P.2d 527, we held:

"In an action maintained under 12 O.S.1941, § 1053, by the personal representative of a deceased, to recover for the death on the theory it was due to the wrongful act or omission of another, the period of limitation on the right to institute the action as therein provided commences to run from the date of the death, not the date of the injury."

In that case the decedent was injured May 5, 1931; death occurred April 16, 1934, and the action was instituted March 25, 1936, nearly five years subsequent to receiving the injuries from which he died.

The action having been commenced before the expiration of two years from the date of death, the trial court correctly sustained the motion of the plaintiff to strike from defendants' answer the allegation that the cause of action was barred by the statute of limitations.

■ We next consider defendants' contention that the release executed by Stinson on October 9, 1956 precludes recovery herein. In support of their position, the defendants again cite and rely only on out of state cases. This Court has passed on the identical question, adversely to the defendants. In the case of Stokes v. Collum Commerce Co., 120 Okl. 133, 252 P. 390, we held:

"Under the law, as provided by section 824, C.S.1921, a release or settlement made by the injured employee after the injury and prior to his death, for his suffering and loss, is not a bar to the action by the widow and children, if any, or next of kin for their benefit for the death, if it resulted from the injury."

Section 824 above referred to is the same as Section 1053, supra, in so far as pertinent to the issues herein. In that case the decedent settled his claim for the injuries sustained and executed a release. After his death, the widow, as Executrix filed an action in two counts, one for the personal injuries sustained by her decedent and the other for injury sustained by her as widow, and her minor children, and occasioned by the death from the injuries sustained by her decedent.

In Weatherman v. Victor Gasoline Co., supra, we said:

"On the question of whether prior recovery in a common law action by the deceased in an action based on the

injury which resulted in. death precludes subsequent recovery under the statute, the authorities are not in accord. 16 Am.Jur. 98; Annotation 39 A.L.R. 579.

"As this court has previously pointed out, section 1053, supra, does not by virtue of the above quoted clause therein inserted or any other provisions of the section operate as a continuance of any right of action which the deceased had prior to his death, but on the contrary provides a new and independent cause of action. City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724."

We therefore hold that the release and satisfaction given by the decedent during his lifetime did not preclude the plaintiff from bringing the present action.

Judgment affirmed.

The Court acknowledges the aid of Supernumerary Judge, N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.