EDNA P. SIMMONS, Administratrix of the Estate of VELMA PAGE
CHAVIS v. R. T. WILDER, M.D.

No. 6918SC434

(Filed 17 September 1969)

1. Torts § 7;   Physicians and Surgeons § 11—   release of tortfeasor
— wrongful death action — malpractice

G.S. 1-540.1, providing that the release of a tortfeasor from liability
for injuries resulting from negligence does not bar an action against a phy-
sician or surgeon for malpractice in treating the injuries, is inapplicable
to an action for wrongful death; consequently, a release of the original
tortfeasor by an administrator bars a cause of action for wrongful death
against the attending physician.

2. Death § 3—   action for wrongful death — statutory remedy

The right to bring an action for wrongful death is exclusively statutory,
and the action must be asserted in strict conformity with the statute.

3. Statute § 5—   strict construction — common law

Statutes in derogation of the common law must be strictly construed.

4. Statutes § 5—   statutory construction

The courts may not, under the guise of judicial interpretation, inter-
polate provisions which are wanting in a statute and thereupon adjudi-
cate the rights of the parties thereunder.

5. Torts § 4—   Uniform Contribution Among Tort-Feasors Act — ef-
fective date

The Uniform Contribution Among Tort-Feasors Act, G.S. Ch. 1B, does
not apply to litigation pending on 1 January 1968.

6. Constitutional Law § 6—   legislative powers — change of laws

What laws shall be changed and when they are to be changed is
within the prerogative of the legislature, not the judiciary.

APPEAL by plaintiff from *Gambill, J.,* 21 April 1969 Civil Ses-
sion, GUILFORD County Superior Court (High Point Division).

Plaintiff-administratrix alleges two causes of action against the
defendant. Her first is to recover damages for personal injuries, pain
and suffering caused her intestate by the negligence and malpractice
of the defendant, a physician, in treating her intestate for injuries
sustained in an automobile accident which occurred on 3 May 1965.

Plaintiff's intestate died on 11 May 1965. Plaintiff's second cause
of action is to recover for the wrongful death of her intestate which
she alleges was caused solely by the negligence and malpractice of
the defendant doctor.

Claude Clifton Causey was the driver of the automobile in

which the plaintiff's intestate was a passenger and sustained injury in the accident on 3 May 1965. It was from the injuries sustained in this accident that plaintiff's intestate was treated by the defendant.

The defendant's answer denied negligence and malpractice. As a further defense, the defendant contends that a release executed by plaintiff-administratrix on 8 October 1965 is a bar to both causes of action. The defendant further contends that in exchange for this release, Claude Clifton Causey paid, or caused to be paid, $4,000.00 to the plaintiff in her capacity as administratrix and that any award in this action should be reduced by that amount.

The trial judge concluded as a matter of law that the release is a bar to plaintiff-administratrix's cause of action for the wrongful death of her intestate against the defendant and adjudged that that cause of action be dismissed. The judge denied the defendant's plea in bar as to the cause of action for personal injury, conscious pain and suffering.

From the judgment dismissing plaintiff's cause of action against the defendant for the alleged wrongful death of plaintiff's intestate, the plaintiff appeals.

*Sapp and Sapp by W. Samuel Shaffer, II, for plaintiff appellant.*

*Perry C. Henson and Daniel W. Donahue for defendant appellee.*

VAUGHN, J.

[1]   Prior to 1 October 1961, a release executed in favor of one responsible for the original injury protected a physician or surgeon against a claim based on negligent treatment of the injury. *Smith v. Thompson*, 210 N.C. 672, 188 S.E. 395. In a later case the Supreme Court reached the same result where the administrator had sued a motorist for the wrongful death of his decedent and during the litigation had entered into a consent judgment which stated that its payment would operate as a full and final settlement of all claims against the motorist. The Supreme Court held that this consent judgment in the action against the motorist barred a later action against the doctor. *Bell v. Hankins*, 249 N.C. 199, 105 S.E. 2d 642.

In 1961 the North Carolina General Assembly enacted G.S. 1-540.1, which reads as follows:

> "The compromise settlement or release of a cause of action against a person responsible for personal injury to another shall not operate as a bar to an action by the injured party against a physician or surgeon or other professional practi-

tioner treating such injury for negligent treatment thereof, unless the express terms of the compromise, settlement or release agreement given by the injured party to the person responsible for the initial injury provide otherwise."

Plaintiff advances the novel theory that death is the ultimate personal injury and that, therefore, the Legislature intended that actions for wrongful death be included in the terms of G.S. 1-540.1.

[2]    This argument ignores the fundamental dissimilarity of the two actions. The right to bring an action for wrongful death did not exist at common law and is, therefore, exclusively statutory. The action must be asserted in strict conformity with the statute. *Webb v. Eggleston*, 228 N.C. 574, 46 S.E. 2d 700. A different Statute of Limitations governs the time within which the action may be brought. G.S. 1-53(4). Moreover, while both the right of action for the recovery of consequential damages sustained between date of injury and date of death, and the right of action to recover damages resulting from such death have as basis the same wrongful act, there is no overlapping of amounts recoverable. *Hoke v. Greyhound Corporation*, 226 N.C. 332, 38 S.E. 2d 105. The distinction between an action for personal injuries and an action for wrongful death was commented upon by Justice Higgins in a case involving the statute under consideration here. *Galloway v. Lawrence*, 263 N.C. 433, 139 S.E. 2d 761.

[1, 3, 4]    G.S. 1-540.1, on its face applies only to actions for personal injury. The statute says nothing about actions for wrongful death. Statutes in derogation of the common law must be strictly construed. *Ellington v. Bradford*, 242 N.C. 159, 86 S.E. 2d 925. This Court may not, under the guise of judicial interpretation, interpolate provisions which are wanting in the statute and thereupon adjudicate the rights of the parties thereunder. *Board of Education v. Wilson*, 215 N.C. 216, 1 S.E. 2d 544.

Plaintiff also urges that this Court abolish the distinction between releases and covenants not to sue. If not, we are urged to construe releases, coupled with words reserving rights of action against others, as covenants not to sue.

[5]    It is to be observed that, since the enactment of G.S. 1-540.1, the Legislature has enacted the Uniform Contribution Among Tort-Feasors Act. This Act specifically refers to liability for *injury or wrongful death*. (Emphasis ours) G.S. 1B-4, to the extent relevant here, abolishes the distinction between releases and covenants not to sue. Unfortunately, from the point of view of the plaintiff in this action, the Act did not become effective until 1 January 1968, and

does not apply to litigation pending at that time. This action was instituted on 3 May 1967. It was, therefore, "pending litigation" on the effective date of the Act.

**[6]** What laws shall be changed and when they are to be changed is within the prerogative of the Legislature, not the Judiciary.

We hold that the superior court judge correctly ruled that the release of the original tort feasor bars the action against the attending physician for wrongful death.

Affirmed.

BROCK and BRITT, JJ., concur.