JOHN EARL CUMMINGS, ADMINISTRATOR OF THE ESTATE OF JOYCE DIMERY LOCKLEAR, DECEASED v. JOSEPHEUS LOCKLEAR

No. 7116SC572

(Filed 20 October 1971)

1. Parent and Child § 2; Death § 3— wrongful death of wife — action against the husband — children as beneficiaries of the recovery — parental immunity

   The administrator of a wife's estate may maintain a wrongful death action against the husband for the death of the wife in an automobile accident in which the husband was a driver, even though the ultimate beneficiaries of the action are the minor, unemancipated children of the marriage. G.S. 28-173.

2. Death § 9; Actions § 5—wrongful death of wife — administrator's action against husband — husband precluded from recovery

   A husband whose negligence in an automobile accident resulted in his wife's death may not share in any wrongful death recovery obtained against him.

APPEAL by plaintiff from Canaday, Judge, 17 May 1971 Session of Superior Court held in ROBESON County.

Defendant and plaintiff's intestate were husband and wife at the time of the accident involved in this lawsuit and at the time of the wife's death by reason of injuries received in said accident. There are presently surviving four unemancipated, minor, natural children of defendant and plaintiff's intestate.

On 28 November 1969 defendant was the owner and operator of an automobile in which plaintiff's intestate was riding as a passenger. On that date, by reason of the alleged negligence of defendant, the automobile was involved in a collision which produced injuries resulting in the death of plaintiff's intestate.

Plaintiff as the duly qualified administrator of the estate of Joyce Dimery Locklear instituted this action to recover damages for her wrongful death. Defendant filed a motion for summary judgment and supported it with an affidavit setting out the facts that defendant and plaintiff's intestate were husband and wife; that there are presently surviving four unemancipated, minor, natural children of defendant and plaintiff's intestate; and that the four children are living in the home with defendant. Plaintiff does not contest the truthfulness of the statements in the affidavit.

On 24 May 1971 the trial judge, "being of the opinion that the doctrine of immunity applies to the facts in this case" granted summary judgment for defendant. Plaintiff appealed.

*Johnson, Hedgpeth, Biggs & Campbell, by John W. Campbell, for plaintiff.*

*W. Earl Britt for defendant.*

BROCK, Judge.

[1] If the wife had survived, she would have had a cause of action against her husband for damages for personal injury. G.S. 52-5. Therefore, under the provisions of G.S. 28-173 the administrator of her estate may maintain an action for wrongful death. The right to sue granted by this statute is not conditioned upon who may be the ultimate beneficiary or beneficiaries of a recovery. This proposition could hardly be more clearly stated than in *Bank v. Hackney*, 266 N.C. 17, 145 S.E. 2d 352, where it is said: "The fortuitous circumstance that those entitled to the recovery under the Intestate Succession Act happened to be the children rather than collateral kin of the decedent is not germane to the administrator's right of action."

We are aware of the factual difference between *Hackney, supra,* and the case here under consideration. In *Hackney* the husband also died of injuries received in the accident, and therefore both parents were deceased. However, we do not view this

factual difference as changing the right granted to the administrator by G.S. 28-173 to maintain this action against the husband-father for the wrongful death of the wife-mother.

[2]   In this case if the wife-mother had died intestate of a natural cause her personal estate would have descended one-third to the surviving husband (G.S. 29-14(2)), and two-thirds divided equally among the four surviving children (G.S. 29-15(2) and G.S. 29-16(1)). However, since it was the husband's wrongful act which caused the death of plaintiff's intestate, he may not share in a recovery; therefore, should the jury return a verdict in plaintiff's favor, the Court will enter judgment for only two-thirds of the amount of the verdict. See *Cox v. Shaw*, 263 N.C. 361, 139 S.E. 2d 676.

In our opinion summary judgment for defendant was error.

Reversed.

Judges VAUGHN and GRAHAM concur.