Helen Trout ARROWOOD, Executrix of the Estate of James Broadus Arrowood, Deceased, Appellee,

v.

GENERAL MOTORS CORPORATION, Appellant.

No. 74–2148.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1975.

Decided March 3, 1976.

---

5. *Powers v. Bethlehem Steel Corp.*, 477 F.2d 643 (1st Cir. 1973); *Cook v. Belden*, 472 F.2d 999 (5th Cir. 1973).

E. Osborne Ayscue, Jr., Charlotte, N. C. (Helms, Mullis & Johnston, Charlotte, N. C., on brief), for appellant.

J. Nat Hamrick, Rutherfordton, N. C. (Hamrick & Hamrick, Rutherfordton, N. C., on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and WATKINS, Senior District Judge.*

DONALD RUSSELL, Circuit Judge.

The issue in this appeal is the proper construction of the North Carolina statute of limitations as applied to a wrongful death action arising out of an alleged defective product. It is undisputed that until 1971, when N.C.G.S. § 1–15(b), was enacted, the appropriate statute of limitations for an action for personal injuries arising out of a defect in a product began to run from the date of the sale and delivery of such product—not from the date of the ultimate failure of the product or the occurrence of an injury on account of such failure.[1] The

---

* Sitting by designation.

1. *Green v. M. T. D. Products, Inc.* (4th Cir. 1971) 449 F.2d 757, 758, where the pertinent cases are collated; *Thurston Motor Lines, Inc.*

enactment of § 1–15(b) changed this by providing that such a cause of action, instituted to recover for personal injuries or property damage arising out of a product defect, "is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; * * *." The new section, however, excepted from its provisions an action "for wrongful death." And it is that exception that gives rise to the controversy here.

■■■ The product in this case is an automobile purchased by the deceased in 1969. The accident which resulted in the instantaneous death of the deceased arising out of the use of the automobile, occurred in 1972, subsequent to the ratification in July, 1971, of § 1–15(b). The defendant manufacturer, relying on the excepting language of § 1–15(b), asserted in the Court below and presses the point here, that an action for wrongful death is controlled by the rule existing before the enactment of that section, which, as we have said, was to the effect that the North Carolina statute of limitations began in a case to recover for personal injuries in a products liability case on the date of purchase of the product. Since the accident occurred more than three years after the automobile was purchased by the deceased, the action would have been barred under this argument. The plaintiff, on the other hand, argues that § 1–15(b) applies equally to all actions arising out of a product defect, irrespective of whether the action seeks recovery for personal injuries

or for wrongful death; and, since this action, even though one for wrongful death, was brought within two years after the defect was discovered, it was within time.[2] Both parties moved for summary judgment, the defendant on the theory that on the admitted facts the action was barred on limitations grounds and the plaintiff on the claim that the plea of the statute of limitations was without merit. The District Court denied defendant's motion for summary judgment and held that the action was not barred by the statute of limitations. It, however, certified the question for an interlocutory appeal under § 1292(b), 28 U.S.C. We granted the appeal and, after argument, we affirm the decision of the District Court.

■■■ Generally, the legislatures have established different rules for the accrual of an action for personal injuries and one for wrongful death.[3] This is particularly so in jurisdictions, which, like North Carolina, treat the statutory right of action for wrongful death as a new or independent cause of action[4] and not as a mere continuance of a right of action that accrued to the deceased at time of injury.[5] Contrary to the rule that in the ordinary personal injury suit the statute of limitations begins to run with injury, the action for wrongful death in these jurisdictions "accrues, and the statute runs, from the time of death." 22 Am. Jur.2d § 40, p. 637; Speiser, *Recovery for Wrongful Death 2d*, vol. 2, § 11:12–3, pp. 187–8 (1975).[6]  *Coury v. General Motors*

v. General Motors Corp. (1962) 258 N.C. 323, 128 S.E.2d 413, 415–6.

2. The plaintiff plants her right to maintain the action to some extent at least on § 1–22 of N.C.G.S., the North Carolina Survival statute. That statute deals with an action existing in the deceased prior to his death and preserves in his representative the deceased's right of action. But it has no relevancy to a wrongful death action, which is not a survival of any right of action in the deceased but is an entirely new action exclusively based on statute. *See Simmons v. Wilder* (1969) 6 N.C.App. 179, 181, 169 S.E.2d 480, 481; *Bolick v. Southern Ry. Co.* (1905) 138 N.C. 370, 50 S.E. 689.

3. *See Simmons v. Wilder, supra*, 6 N.C.App. at 181, 169 S.E.2d 480, where the Court declared

that "different Statute of Limitations (from that applicable to actions for personal injuries) governs the time within which the action (for wrongful death) may be brought."

4. *Hoke v. Atlantic Greyhound Corporation* (1946) 226 N.C. 332, 38 S.E.2d 105, 109.

5. *See, also, James Baird Co. v. Boyd* (4th Cir. 1930) 41 F.2d 578, 581 (involving North Carolina law); Annotation, 97 A.L.R.2d 1147.

6. *Cf., Nationwide Mut. I. Co. v. Weeks-Allen Motor Co., Inc.* (1973) 18 N.C.App. 689, 198 S.E.2d 88.

*Corp.* (1965) 376 Mich. 248, 137 N.W.2d 134, is a typical illustration of the difference in the accrual of the two actions, in those jurisdictions where the wrongful death action is considered "a new or independent cause of action." In that case, the death of the injured party occurred almost a year after the injury itself. An action for personal injury, which accrued at the time of injury, would have been barred, but the action for wrongful death, which accrued a year after injury at time of death, was not barred.[7]

It seems apparent the North Carolina legislature wished, in enacting § 1–15(b), to preserve to some extent this basic distinction between suits for personal injury and those for wrongful death in the application of its statutes of limitations. It did this, as we see it, by including in § 1–15(b) the excepting phrase on which the defendant latches for its contention that this action is barred. If this excepting language had been omitted by the legislature from § 1–15(b), that section would have fixed the commencement date under the statute of limitations for a wrongful death action, not at the death of the injured party as is specifically provided in § 1–53(4), but at the time when the defect in the product causing the death was discovered or by the exercise of due diligence should have been discovered, which would be as much as "10 years from the last act of the defendant giving rise to the claim for relief." It would thereby have made the time for fixing the accrual of a right of action in such a situation identical for personal injury actions and for wrongful death actions. To repeat, but for its incorporation of the exception of wrongful death actions, § 1–15(b) could thus have extended in some cases the time for the accrual of an action for wrongful death far beyond two years from the death of the injured party and would thereby

have to some extent operated as an amendment of § 1–53(4). The legislature indicated by its excepting phrase in § 1–15(b), however, that it did not wish by that section to permit an action for wrongful death, whether one arising out of a product defect or otherwise, to be begun more than two years after death; it intended that § 1–53(4) should continue to control the accrual date of actions for wrongful death and the time when the statute of limitations should begin to run. Specifically, it did not intend to delay the accrual of such action in wrongful death actions involving a product defect until discovery of the defect which was the effect of § 1–15(b) for personal injury actions, but intended that the accrual of such action should remain the date of death as fixed by § 1–53(4).

The excepting phrase in § 1–15(b), though, did not mean that actions for wrongful death due to an allegedly defective product were to be held to accrue, and the statute of limitation to begin to run, as of the date of purchase of the product, which is the position taken by the defendant. § 1–15(b) did have, as the District Court correctly ruled,[8] a relationship and an effect on a wrongful death action due to a defective product—but it was not the effect urged by the defendant. This effect is clear when § 1–15(b) is considered along with the wrongful death statute itself. The latter statute states one basic condition on the existence of the right of action for wrongful death and that condition is whether "the injured party," if he had lived, could have maintained an action for personal injuries. If he could, the action for wrongful death exists; if he could not, the action does not exist. It can be argued that, prior to the enactment of § 1–15(b), the injured party, in this case, had he lived, could not have maintained an action for personal injury due to a defective product if the prod-

---

7. *See*, to the same effect, *Causey v. Seaboard Air Line R. Co.* (1914) 166 N.C. 5, 81 S.E. 917, 919–20; *Hugh Breeding Inc. v. Daniel* (Okl. 1962) 373 P.2d 75, 97 A.L.R.2d 1147, with an extensive annotation on the point.

8. *Cf.*, *Smith v. Sturm, Roger & Co., Inc.* (9th Cir. 1975) 524 F.2d 776, 778, where the Court said that an interpretation by a trial judge of the law of the state in which he sits "will be accepted on review unless shown to be clearly wrong."

uct was purchased more than three years before; and, since the existence of that right is a condition to any right of action for wrongful death under the specific language of § 28–173, there could have been no action for wrongful death due to a defective product. But § 1–15(b) removed this requirement that an action for personal injuries arising out of a product defect must be brought within three years after purchase of the product and it removed it not only for any suit for personal injuries not barred on the ratification of § 1–15(b) (i. e., July 21, 1971) but for the hypothetical one stated in § 28–173 by way of a condition to the maintenance of an action for wrongful death.[9] However, the legislature did not, as we have already observed, intend to go further and change the date when a wrongful death action accrues, and the statute of limitations begins to run: An action for wrongful death must still be brought within two years from death as expressly provided in § 1–53(4) and not two years from the discovery of the defect in the product. This was the purpose, and the sole purpose, as we see it, of the excepting phrase in § 1–15(b).

It would be incredible if, in enacting § 1–15(b), the legislature had intended merely to liberalize the rights of persons suing for personal injuries arising out of product liability, and to continue for wrongful death actions the out-dated and generally repudiated rule fixing the time for the accrual of a tort action for product defect by the date of purchase of the product. It is not to be lightly assumed that the legislature contemplated or intended any such unfair and arbitrary distinctions between actions for personal injuries and those for wrongful death. Such a construction of the section would mean in this case that, if the injured party had not died, his action for personal injury would not have been barred but, since he did die, an action for his death would be barred. In our opinion, the legislature intended no such result. On the contrary, § 1–15(b), when construed along with the wrongful death statute itself, as it should be,[10] clearly protects the plaintiff from the bar of the statute in this case. It follows accordingly that this action is not barred by the statute of limitations and the District Court correctly overruled the defendant's motion for a summary judgment on this ground.[11]

---

**9.** As of July 21, 1971, three years had not elapsed from date of purchase of the automobile in question by the deceased and thus the applicable North Carolina statute of limitations had not run against any hypothetical action by the deceased for personal injuries at the time § 1–15(b) was enacted. Because the hypothetical action for personal injuries had not then run, the enactment of § 1–15(b) applied to the time within which such hypothetical action would accrue, since the legislature may always "extend at will the time for bringing actions not already barred." *Jewell v. Price* (1965) 264 N.C. 459, 142 S.E.2d 1, 3; *United States v. Nebo Oil Co.* (5th Cir. 1951) 190 F.2d 1003, 1009; Annotation, 79 A.L.R.2d 1080. Of course, the action for wrongful death was not barred on July 21, 1971, since death had not occurred at that time and such action could only accrue at time of death.

**10.** *Cf., Hardbarger v. Deal* (1962) 258 N.C. 31, 127 S.E.2d 771, 774, where the Court stated that all statutes applicable to the "'* * * subject matter should be construed together so as to produce a harmonious body of legislation, if possible.'"

**11.** In another case involving this same defendant and involving a similar issue, the District Court found that the action for wrongful death was not barred. To some extent this decision, however, rests on the fact that the car involved had not been purchased initially by the deceased. *See Williams v. General Motors Corporation* (M.D.N.C.1975) 393 F.Supp. 387.