J. R. CARVER, ADMINISTRATOR OF THE ESTATE OF BENJAMIN SCOTT CARVER v. PHYLLIS CARVER

No. 8127SC449

(Filed 16 February 1982)

**Death § 3; Parent and Child § 2.1— wrongful death action against mother of decedent proper—parent-child immunity abolished**

As children who survive motor vehicle related injuries may maintain an action for those injuries against a negligent parent, the provisions of G.S. 1-539.21 also allow the personal representative of a deceased minor child to maintain an action for the wrongful death of the child against a parent of the child. G.S. 28A-18-2.

APPEAL by plaintiff from *Friday, Judge.* Judgment entered 13 April 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 11 December 1981.

This wrongful death action was initiated by the administrator of decedent's estate against defendant, mother of the decedent. On 8 April 1980, defendant was driving her automobile in which her two month old son was a passenger when defendant hit a bridge abutment. Defendant's son was killed in the collision. The complaint alleges that defendant's negligence proximately caused the infant's death. The trial court granted defendant's 12(b)(6) motion to dismiss, from which plaintiff-administrator appeals.

*Ronald Williams, for plaintiff-appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, for defendant-appellee.*

WELLS, Judge.

This appeal presents the question of the effect of the enactment of G.S. 1-539.21 on the right of the personal representative of a deceased minor child to maintain an action for the wrongful death of the child against a parent of the child.

G.S. 28A-18-2 (successor to G.S. 28-173 and 28-174) provides in pertinent part:

Death by wrongful act of another; recovery not assets.

(a) When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages, to be brought by the personal representative or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amounts in law to a felony. The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding one thousand five hundred dollars ($1,500) incident to the injury resulting in death; provided that all claims filed for such services shall be approved by the clerk of the superior court and any party adversely affected by any decision of said clerk as to said claim may appeal to the superior court in term time, but shall be disposed of as provided in the Intestate Succession Act.

G.S. 1-539.21 is as follows:

*Abolition of parent-child immunity in motor vehicle cases.* The relationship of parent and child shall not bar the right of action by a minor child against a parent for personal injury or property damage arising out of the operation of a motor vehicle owned or operated by such parent.

Prior to the enactment of G.S. 1-539.21, our Supreme Court considered the issue of parent-child immunity in negligence actions in *Skinner v. Whitley*, 281 N.C. 476, 189 S.E. 2d 230 (1972). In *Skinner*, the personal representatives of two deceased minor children brought an action against the administrator of the estate of their deceased father in which the plaintiff alleged that the negligent operation of a motor vehicle by the deceased father proximately caused the deaths of the children. Justice Huskins, writing for a unanimous court, stated the issue in that case as follows:

A right of action for wrongful death did not exist at common law. *Broadnax v. Broadnax*, 160 N.C. 432, 76 S.E. 216 (1912). In North Carolina such right of action is conferred by statute and exists only by virtue of G.S. 28-173 and G.S. 28-174. *Horney v. Pool Co.*, 267 N.C. 521, 148 S.E. 2d 554 (1966); *Graves v. Welborn*, 260 N.C. 688, 133 S.E. 2d 761 (1963). Under these statutes the personal representative of a deceased person has a right of action only when the death of his intestate is caused by the wrongful act, neglect or default of another, "such as would, if the injured party had lived, have entitled him to an action for damages therefor." G.S. 28-173; *Lewis v. Insurance Co.*, 243 N.C. 55, 89 S.E. 2d 788 (1955).

In North Carolina and the great majority of other states, the rule is that "an unemancipated minor child cannot maintain a tort action against his parent for personal injuries, even though the parent's liability is covered by liability insurance. This rule implements a public policy protecting family unity, domestic serenity, and parental discipline. . . . Upon the same theory, an overwhelming majority of jurisdictions likewise hold that neither a parent nor his personal representative can sue an unemancipated minor child for a personal tort. . . . 'The child's immunity is said to be reciprocal of the parent's immunity.'" *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965).

Therefore, under the foregoing legal principles, the unemancipated minor daughters of Clyde Wesley Skinner, had they lived, could not have maintained an action against their father to recover damages for injuries caused by his ordinary negligence. *Watson v. Nichols*, 270 N.C. 733, 155 S.E. 2d 154 (1967); *Redding v. Redding*, 235 N.C. 638, 70 S.E. 2d 676 (1952); *Small v. Morrison*, 185 N.C. 577, 118 S.E. 12 (1923); Annot., 19 A.L.R. 2d 423. Having died as a result of their injuries, their personal representative could not have maintained an action for their wrongful death against their father had he survived the accident. *Capps v. Smith*, 263 N.C. 120, 139 S.E. 2d 19 (1964); *Lewis v. Insurance Co.*, supra, *Goldsmith v. Samet*, 201 N.C. 574, 160 S.E. 835 (1931). Their father having also died as a result of the accident, the personal representative of these children cannot maintain this

wrongful death action against their father's personal representative. *Cox v. Shaw*, 263 N.C. 361, 139 S.E. 2d 676 (1965). This conclusion follows as a matter of law unless the reciprocal immunity rule between parent and unemancipated minor child is repudiated or modified in this jurisdiction.

In resolving the issue against the plaintiff in *Skinner*, the Court summed up its position as follows:

> If the immunity rule in ordinary negligence cases is no longer suited to the times, as some decisions suggest, we think innovations upon the established law in this field should be accomplished *prospectively* by legislation rather than *retroactively* by judicial decree. Such changes may be accomplished more appropriately by legislation defining the areas of nonimmunity and imposing such safeguards as may be deemed proper. Certainly that course is much preferred over judicial piecemeal changes in a case-by-case approach. A similar conclusion has been reached by others. "The simplest way to effectuate a change in the law is to enact a statute doing so. The courts have frequently said that the question of public policy is to be determined by the legislature and not by the court." 3 Lee, North Carolina Family Law, § 248. *Accord, Downs v. Poulin*, 216 A. 2d 29 (Me. 1966); *Castellucci v. Castellucci*, 94 R.I. 34, 188 A. 2d 467 (1963).

Subsequent to the court's decision in *Skinner*, the General Assembly enacted G.S. 1-539.21, which became effective 1 October 1975. *See* 1975 Sessions Laws, Ch. 685, s. 2. Since the effective date of the statute, our appellate courts have not passed upon the issue presented in this case. Both our Supreme Court and this Court have, however, commented on the effect of the statute in cases such as the one now before us.

The issue was discussed by this Court in *Christenbury v. Hedrick*, 32 N.C. App. 708, 234 S.E. 2d 3 (1977). In *Christenbury*, plaintiff mother brought an action in her personal capacity against the administrator of her deceased husband's estate to recover medical and funeral expenses for and the value of the lives of her two deceased children, alleging that they died as a result of their deceased father's negligent operation of an automobile. It appeared from the pleadings in the case that the plaintiff had previously brought a wrongful death action, as the

personal representative of her deceased children against the administrator of their father's estate, which action had been dismissed pursuant to a motion under G.S. 1A-1, Rule 12(b)(6). In discussing that aspect of the case, this Court made the following comments:

> We note the allegation in defendant's motion for dismissal that plaintiff, as administratrix of the estates of her two children, had previously brought an action for their wrongful deaths and that the action was dismissed. No doubt the trial court followed *Skinner v. Whitley*, 281 N.C. 476, 189 S.E. 2d 230 (1972), in which case the Supreme Court held that the administrator of an unemancipated child cannot bring an action against the administrator of his father for wrongful death caused by the ordinary negligence of the deceased father in the operation of an automobile.

> Since that time, the General Assembly has seen fit to abolish the parent-child immunity in motor vehicle cases by enacting G.S. 1-539.21, effective 1 October 1975, which provides: "The relationship of parent and child shall not bar the right of action by a minor child against a parent for personal injury or property damage arising out of the operation of a motor vehicle owned or operated by such parent." Obviously, the provisions of this new statute were not available to plaintiff.

*Raftery v. Construction Co.*, 291 N.C. 180, 230 S.E. 2d 405 (1976) was a wrongful death action based on the negligent design and manufacture of a construction crane. The opinion of the Court dealt primarily with the effect of the statute of limitations on such action. In discussing wrongful death actions generally, the court made the following comments:

> We are thus brought to the question of whether the uncontroverted facts (for the purpose of this appeal) gave rise to a cause of action in the plaintiff for the wrongful death of her intestate. G.S. 28A-18-2, above quoted, makes it a condition precedent to such right of action in this plaintiff that the death of her intestate was caused by a wrongful act, neglect or default of the manufacturer of this crane "such as would, if the injured person had lived, have entitled him to an action for damages therefor."

It will be observed that this condition precedent to the maintenance of this action does not, by its express terms, include a time limitation but, upon its face, relates to the nature of the "wrongful act, neglect or default" which caused the death and to the legal capacity of the decedent to sue therefor had he lived. For example, the administrator of an employee within the Workmen's Compensation Act cannot sue the employer for the wrongful death of the employee since the employee could not have sued the employer for his injury had he lived. *Horney v. Pool Co.*, 267 N.C. 521, 148 S.E. 2d 554 (1966). Likewise, except as G.S. 1-539.21 now provides, the administrator of an unemancipated minor child cannot bring an action for wrongful death against the child's negligent parent.

The issue having been clearly drawn by the court in *Skinner*, and the General Assembly by enacting G.S. 1-539.21 having made a basic change in the public policy of this state with respect to the rights of family members injured by motor vehicles, it would appear from the dicta in both *Christenbury* and *Raftery* that our appellate courts have implicity recognized that the provisions of G.S. 1-539.21 would operate to abolish parent-child immunity in motor vehicle wrongful death actions. Defendant strongly contends that such dicta should not be construed to enlarge the literal wording of the statute which does not *explicitly* refer to or include wrongful death actions. In support of her argument, defendant cites our decision in *Simmons v. Wilder*, 6 N.C. App. 179, 169 S.E. 2d 480 (1969). *Simmons* involved an interpretation of G.S. 1-540.1[1] the dispositive question being whether the provisions of that statute should be construed to include actions for wrongful death. This court responded in the negative. The following statement is most pertinent to the issue in this case.

G.S. 1-540.1, on its face applies only to actions for personal injury. The statute says nothing about actions for wrongful

---

1. G.S. 1-540.1. Effect of release of original wrongdoer on liability of physicians and surgeons for malpractice.—The compromise settlement or release of a cause of action against a person responsible for a personal injury to another shall not operate as a bar to an action by the injured party against a physician or surgeon or other professional practitioner treating such injury for the negligent treatment thereof, unless the express terms of the compromise, settlement or release agreement given by the injured party to the person responsible for the initial injury provide otherwise.

death. Statutes in derogation of the common law must be strictly construed. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925. This Court may not, under the guise of judicial interpretation, interpolate provisions which are wanting in the statute and thereupon adjudicate the rights of the parties thereunder. *Board of Education v. Wilson,* 215 N.C. 216, 1 S.E. 2d 544.

We find, however, that at least three decisions of our appellate courts appear to be contrary to the implications of *Simmons* with respect to wrongful death actions growing out of torts between members of the same family. In *Bank v. Hackney,* 266 N.C. 17, 145 S.E. 2d 352 (1965), the personal representative of the deceased wife brought an action for wrongful death against the personal representative of the wife's deceased husband, both killed when the car being driven by the husband ran off the road and hit a tree. Defendant asserted a defense that the deceased parents' surviving children were the real parties in interest. The court, in holding that such a defense was not available to the representative of the husband, based its decision on the provisions of G.S. 52-10.1, now codified as G.S. 52-5[2]. The following quote is pertinent to our decision here.

> Our wrongful death statute, G.S. 28-173, in pertinent part provides: "When the death of a person is caused by a wrongful act, neglect or default of another, *such as would, if the injured party had lived, have entitled him to an action for damages therefor,* the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors shall be liable to an action for damages, to be brought by the executor, administrator, or collector of the decedent; . . .

The decisions in *Cox v. Shaw,* 263 N.C. 361, 139 S.E. 2d 676 (1964) and *Cummings v. Locklear,* 12 N.C. App. 572, 183 S.E. 2d 832 (1971) *cert. denied,* 279 N.C. 726, 184 S.E. 2d 883 (1971), are of the same import. We quote the succinct statement by Brock, Judge in *Cummings.*

---

2. § 52-5. Torts between husband and wife. — A husband and wife have a cause of action against each other to recover damages sustained to their person or property as if they were unmarried.

If the wife had survived, she would have had a cause of action against her husband for damages for personal injury. G.S. 52-5. Therefore, under the provisions of G.S. 28-173 the administrator of her estate may maintain an action for wrongful death.

We note that G.S. 52-5, did not then and does not now contain any reference to wrongful death. The clear emphasis supplied and relied on by our courts in these three cases is that our wrongful death statute is geared to the right of the deceased person to bring an action for personal injury *had he lived.*

In support of her position, defendant argues that the assessment of damages in this case would be an anomalous process; that the jury would be called upon to consider the loss of the comfort and companionship of the deceased child to the person whose negligence caused his death. We disagree. G.S. 28A-18-2(b) and (c) are as follows:

Death by wrongful act of another; recovery not assets.

(b) Damages recoverable for death by wrongful act include:

    (1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;

    (2) Compensation for pain and suffering of the decedent;

    (3) The reasonable funeral expenses of the decedent;

    (4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected:

        a. Net income of the decedent,

        b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

        c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

    (5) Such punitive damages as the decedent could have recovered had he survived, and punitive damages for

> wrongfully causing the death of the decedent through maliciousness, willful or wanton injury, or gross negligence;
>
> (6) Nominal damages when the jury so finds.
>
> (c) All evidence which reasonably tends to establish any of the elements of damages included in subsection (b), or otherwise reasonably tends to establish the present monetary value of the decedent to the persons entitled to receive the damages recovered, is admissible in an action for damages for death by wrongful act.

Defendant would not be entitled to receive any damages the jury might award in this case. *Cox v. Shaw*, supra, *Cummings v. Locklear*, supra. Defendant would not, therefore, be competent to testify on the elements of damages included in subsection (b)(4) and (c) of G.S. 28A-18-2.

There being no question that children who survive motor vehicle related injuries may maintain an action for those injuries against a negligent parent, we find the reasoning of our courts in *Bank*, *Cox* and *Cummings* both persuasive and controlling here and hold that the provisions of G.S. 1-539.21 allow plaintiff to maintain his action in this case. Accordingly, the judgment of the trial court allowing defendant's motion to dismiss under G.S. 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure is

Reversed.

Judges ARNOLD and MARTIN (H. C.) concur.