JOHN C. MILLER et al v. R. A. SHOAF et al.

*Limitations, when Statute begins to run—Administration—Assets, real, when subject to sale.*

1. The statute of limitations—*The Code,* § 153 (2)—requiring creditors of deceased persons to commence actions within seven years after the qualification of the personal representative, contemplates those claims upon which the right of action had accrued at the time of such qualification; as to those upon which the right of action subsequently accrues, the statute begins to run from the date of such accrual. (*Syme* v. *Badger,* 96 N. C., 197, and *Andres* v. *Powell,* 97 N. C., 155, distinguished).

2. The statute—*The Code,* § 1489—authorizing the retention by an administrator or executor of funds to meet unliquidated demands embraces only the demands which are existing and capable of being ascertained.

3. The fact that some of the heirs of a deceased debtor have disposed of lands descended from their ancestor, will not deprive a creditor of his remedy to subject those in possession of others.

This was a SPECIAL PROCEEDING in the nature of a creditor's bill, heard before *McIver, J.,* at February Term, 1892, of ROWAN Superior Court, upon an appeal from the Clerk upon a question of law, whether the plaintiff's cause of action was barred by the statute of limitations.

His Honor affirmed and approved the judgment and decision of the Clerk, from which the defendants appealed.

The facts appear in the complaint and answer, and are admitted to be true.

The plaintiff alleged, in substance: That Daniel Hoffman died intestate in 1874, and the defendants John Eagle and R. A. Shoaf were duly appointed his administrators; that in 1891, Roseman, administrator of Elizabeth Propst, obtained judgment against the plaintiff and R. A. Shoaf and John Eagle, administrators of Daniel Hoffman, for the sum of eight hundred dollars, to be discharged upon the payment of the sum of three hundred dollars; that the said John C. Miller and the defendants' intestate Daniel Hoffman were co-sureties on the administration bond of one Eli Propst, and said judgment was obtained against the plaintiff and the administrators of the said Daniel Hoffman on account of said suretyship; that the plaintiff in said judgment issued execution on the said judgment and compelled the plaintiff herein to pay the whole of said judgment; that the plaintiff demanded of the defendants contribution for which they were liable, but they have refused to pay the same, or any part thereof; that at the time of his death the said Daniel Hoffman was seized of a tract of land containing about three hundred acres, which descended to his said heirs, and that the personal estate of the said Hoffman has been exhausted in the payment of debts, and the plaintiff has applied to the said administrators to have the land, or a part thereof, sold to pay his debt, but they have refused to comply with his reasonable request.

Wherefore, he demanded judgment against the said administrators for the sum of one hundred and fifty dollars and interest, and the further sum of one-half the costs of the suit of Propst's administrator against John C. Miller and the said administrators, and that the said land be sold to pay said debt.

The defendants answered, admitting the material allegations of the complaint, but for a further defence averred " that the defendants John Eagle and R. A. Shoaf, as administrators of Daniel Hoffman, have fully administered and settled the estate of their intestate and have no assets, and, according to law, duly advertised for all persons having claims against said estate to present them for payment; that on the 3d day of March, 1874, letters of administration were granted to the defendants John Eagle and R. A. Shoaf, and they have filed in the office of the Probate Judge of said county a final settlement of said estate on the 8th day of September, 1877; that the plaintiff's cause of action therein stated did not accrue within six years next before the commencement of this action; that the plaintiffs' cause of action stated therein did not accrue within three years next before the commencement of this action; that the plaintiff's cause of action did not accrue within ten years next before the commencement of this action; that the plaintiff's cause of action did not accrue within seven years next before the commencement of this action; that the plaintiff's cause of action did not accrue within one year next before the bringing of this action; that the real estate has been divided and partitioned among the heirs at law of the said Daniel Hoffman, and nearly all of the land so partitioned has been sold to third parties, and only a few of the heirs now own the land so allotted to them, and there are no assets, and only a small portion of said heirs have retained their land, and others of said heirs are insolvent."

*Mr. Kerr Craige,* for plaintiff.
*Mr. Lee S. Overman,* for defendants.

SHEPHERD, J.: The plaintiff, John C. Miller, and Daniel Hoffman, deceased, were sureties on the administration bond of one Eli Propst, and in May, 1891, a judgment was obtained against the plaintiff and the personal representatives of said Hoffman. Execution having issued, the plaintiff was compelled to pay the whole of the said judgment, and this action is brought against the administrators and heirs at law of Hoffman, the said co-surety, for contribution.

It thus appears that the plaintiff's cause of action accrued in 1891 (*The Code,* § 2094, *Leak* v. *Covington,* 99 N. C., 559), but it is contended that he is barred, both as against the personal and real representatives, because the former rendered their final account and settled the estate in 1877, having duly advertised for the presentation of claims when they qualified in 1874. There are no assets, therefore, in the hands of the administrators; nor does it appear that they did not fully and properly administer the estate, but the heirs at law have pleaded all the statutes of limitations, and especially do they rely upon the seven years statute (*The Code,* § 153, subdiv. 2), and the cases of *Syme* v. *Badger,* 96 N. C., 197; *Andres* v. *Powell,* 97 N. C., 155, and the authorities therein cited. In other words, the heirs claim that they are entitled to hold the land against a creditor of their ancestor whose right of action has just accrued, although the personal assets have been exhausted in a due course of administration. What natural justice there is in such a contention we are unable to discover, and we think it would be perplexing to the most profound casuist to defend so inequitable a discrimination on the ground of a public policy which requires that "repose should be given to estates." If it has ever been intimated or decided by this Court that a cause of action can be barred by the statute of limitations before it has accrued,

it is time that such a doctrine should be thoroughly repudiated. A statute to this effect passed after a liability has been incurred, would be clearly unconstitutional (Cooley Const. Lim., 367), and while such an act of the Legislature, if prospective in its terms, might be sustained on the ground that parties must be deemed to have contracted with reference to existing laws, the Courts would, in the absence of explicit language, be very slow to interpret the legislative will so as to impute to it a purpose to work such an anomaly in our jurisprudence. The Act of 1715 (Rev. Code, 205) was very similar to the law now under consideration, and HALL, J., in delivering the opinion in *Godley* v. *Taylor*, 3 Dev., 180, said that " when the Legislature say that creditors shall make their claim within seven years after the death of the testator (in the present act after the date of the qualification of the administrator and making due advertisement), they must have in contemplation such a creditor as had a *claim* to make; such a claim that might be enforced *in presenti*. They did not mean a claim that might arise *in futuro*, which could not be enforced until it did arise or accrue. By an equitable construction of the act, he must make his claim within seven years after it accrues. To require him to make it before, would be to require of him an impossibility. The statutes of limitations generally begin to run after the cause of action has accrued." After quoting Chief Justice ABBOTT in *Murray* v. *E. I. Co.*, 7 E. C. L., 66, that " it cannot be said that a cause of action exists unless there be also a person in existence capable of suing," the Court further remarked: " Would not his Lordship have been equally orthodox if he had also said, although there is a creditor in existence, yet if there is no *claim* or cause of action, the statute of limitations will not run?" . This latter proposition is not only sustained in the foregoing cases, but is an admittedly well settled principle of law. We are hardly driven in the present case to an equitable construction of the statute, for if we turn

to § 138 of *The Code* we will find this very principle recognized as governing all of the provisions respecting the limitations of actions, and it cannot be said that *The Code*, § 153, contains anything which really conflicts with it. As is said in *Godley* v. *Taylor, supra,* such provisions "being all in *pari materia,* ought to receive a uniform construction notwithstanding slight variations in phraseology." Since the decision in Godley's case, *supra,* we can find nothing in our Reports in the way of adjudication which recognizes the doctrine now insisted upon by the defendants. In *Syme* v. *Badger, supra,* the question presented was, when did the cause of action accrue — the plaintiffs insisting that it did not accrue until all of the remedies against the personal representative had been exhausted. The Court held otherwise, on the ground, it seems, that both the administrator and the heirs could have been sued together within seven years in an action in the nature of a creditor's bill.

In *Andres* v. *Powell, supra,* it is stated in the opinion that the statutory period had elapsed after the cause of action had accrued, and this seems to be the *ratio decidendi* of that case.

We do not understand that either of the above decisions rested upon the principle asserted by the defendants in the present case, and if there be anything in the opinions which countenances such a doctrine in the slightest degree, it was unnecessary, and certainly does not meet with our approval.

Our attention has been called to *The Code,* § 1489, which provides that "if upon a final accounting by a personal representative, it appears that any claim exists against the estate which is not due, or on which suit is pending, the Judge or Clerk shall allow a sum sufficient to satisfy such claim," etc. What effect this might have in exonerating the real representatives and imposing a liability upon the administrators for their neglect to comply with this provision if it applied to this case, it is unnecessary to determine, as very clearly

the claim of the plaintiff is not such a debt as is contemplated by the statute. It means some existing claim capable of being ascertained, and not the mere liability of a surety or a co-surety on an administration bond which may never ripen into a cause of action. To hold otherwise would indefinitely postpone the settlement of estates if the intestate happened to be a surety upon bonds of such a character; although there might be but little or no probability of any default on the part of the principal obligor.

Neither is there anything in the fact that some of the heirs have sold their lands. "Payment may be enforced against any tract for the satisfaction of the indebtedness, leaving those whose property may be taken to obtain contribution according to the respective values of the other lands held by devisees or heirs." *Lilly* v. *Wooley*, 94 N. C., 412. We are of the opinion that there is no error in the rulings of his Honor, and that the judgment should be

Affirmed.