ANNE B. RAFTERY, Administratrix of the Estate of ALLEN G. RAFTERY, Deceased v. WM. C. VICK CONSTRUCTION CO. and CLARK EQUIPMENT COMPANY, a Corporation

No. 66

(Filed 7 December 1976)

1. **Death § 4— wrongful death — statute of limitations**

    The two year period prescribed by G.S. 1-53(4) in conjunction with G.S. 1-46 for the commencement of a wrongful death action is a statute of limitations, not a condition precedent to the cause of action.

2. **Death § 4— wrongful death — statute of limitations**

    An action for wrongful death allegedly caused by the negligent design or manufacture of a crane was not barred by G.S. 1-53(4) where it was brought within two years from the intestate's death.

3. **Death § 3— wrongful death action — condition precedent**

    G.S. 28A-18-2 makes it a condition precedent to a wrongful death action against the manufacturer of a crane that the death of plaintiff's intestate was caused by a wrongful act, neglect or default of the manufacturer of the crane "such as would, if the injured person had lived, have entitled him to an action for damages therefor."

4. **Death § 4; Limitation of Actions § 4— injury not discovered or discoverable — statute of limitations — purpose of G.S. 1-15(b)**

    The purpose of G.S. 1-15(b) was to give relief to injured persons from harsh results flowing from the rule established by case law that the statute of limitations begins to run from the time when plaintiff is initially injured even though the injury is not discovered or discoverable by plaintiff at such time.

5. **Death § 4; Limitation of Actions § 4— actions for bodily injury — injury not apparent — statute of limitations — proviso of statute**

    The ten-year limitation in the proviso of G.S. 1-15(b) applies only to cases in which the bodily injury or defect in property for which damages are sought was not readily apparent to the claimant at the time of its origin.

6. **Death § 4; Limitation of Actions § 4— wrongful death — defect in crane — statute of limitations — apparent injury — accrual of action**

    At the time plaintiff instituted an action for wrongful death allegedly caused by a defect in a crane manufactured by defendant nineteen years prior to the intestate's injury, the intestate would not have been barred by the ten-year limitation in the proviso of G.S.

Raftery v. Construction Co.

1-15(b) from instituting an action for bodily injury received in the incident because his injury was apparent as soon as it occurred; nor would plaintiff's intestate have been barred by the three-year limitation of G.S. 1-52(5) since his cause of action would have accrued and the limitation period would have begun to run when he was injured, not at the time of defendant's negligent act or omission, and plaintiff's action was instituted within that three-year period. Therefore, plaintiff's wrongful death action was not barred on the ground that an action by her intestate for bodily injuries would have been barred by the time limitations of either of those two statutes.

Justices BRANCH and EXUM concurring.

Judge HUSKINS joins in the concurring opinion of Justice Branch.

Chief Justice SHARP and Justice MOORE dissenting.

Justice COPELAND joins in the dissenting opinions.

ON *certiorari* to the Court of Appeals to review its decision, reported in 29 N.C. App. 495, 224 S.E. 2d 706 (1976), vacating summary judgment, dismissing the action as against the defendant Clark Equipment Company, entered by *Brewer, J.,* at the 4 August 1975 Session of JOHNSTON.

The plaintiff took a voluntary dismissal of the action, without prejudice, as to the defendant William C. Vick Construction Company. Thus, only the action against Clark Equipment Company is involved in this appeal.

This action was instituted 12 June 1974. As against Clark Equipment Company, the complaint alleges in substance: On 14 June 1972, plaintiff's intestate, an employee of Roger K. Barbour, trading as Industrial Welding Service, while in the course of his employment, was struck upon the head by a portion of a crane manufactured and sold by Michigan Equipment Company, to which Clark Equipment Company is the successor and the liabilities of which Clark Equipment Company has assumed. The injury resulted in the death of the plaintiff's intestate on 14 June 1972. The proximate cause of the injury and death was the negligence of Michigan Equipment Company in the design and manufacture of the crane. Home Indemnity Company, the workmen's compensation insurance carrier for

Roger K. Barbour, the employer, paid death benefits due under the North Carolina Workmen's Compensation Act and this action was instituted for its benefit under the provisions of that Act.

Clark Equipment Company filed answer denying negligence by its predecessor and, as one of several further defenses, pleading the three-year statute of limitations, alleging that the crane was manufactured and sold by its predecessor more than three years prior to 14 June 1972.

By reason of the statute of limitations so pleaded, Clark Equipment Company moved for summary judgment dismissing the action as to it. In support of its motion, it filed affidavits to the effect that the crane was manufactured and sold, new, by its predecessor on 23 June 1953 and neither it nor its predecessor has owned, had possession of or done any work upon the crane since that date. The crane has been in use since that time by its purchaser and subsequent owners.

Judge Brewer found there is no genuine issue of fact and dismissed the action, as against Clark Equipment Company, as a matter of law, concluding that the plaintiff's action is barred by the statute of limitations.

The Court of Appeals vacated the judgment of dismissal and remanded the case for further proceedings.

*Hedrick, Parham, Helms, Kellam & Feerick by Richard T. Feerick and John A. Gardner III for plaintiff.*

*Maupin, Taylor & Ellis by Armistead J. Maupin and Richard M. Lewis for defendant.*

LAKE, Justice.

For the purpose of this appeal it must be assumed that, although the crane in question had been in use for 19 years without any known malfunction, the falling of the boom was due to a defect proximately caused by the negligence of the manufacturer in the design or manufacture of the crane. Thus, we are not presently concerned with whether the plaintiff, upon trial of the action, can produce evidence of such negligence and causation. The sole question is whether, assuming such negligence was a proximate cause of the death of the plaintiff's

intestate, the statutes of this State preclude any recovery for such death.

G.S. 28A-18-2 provides:

> "*Death by wrongful act of another; recovery not assets.*— (a) When the death of a person is caused by *a wrongful act, neglect or default* of another, *such as would, if the injured person had lived, have entitled him to an action for damages therefor,* the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages, to be brought by the personal representative or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amounts in law to a felony. * * * ."
> (Emphasis added.)

[1] G.S. 1-53(4), in conjunction with G.S. 1-46, provides that an action for damages on account of the death of a person caused by the wrongful act, neglect or default of another must be brought within two years. This is a statute of limitations, not a provision establishing a condition precedent to the cause of action such as was the provision of G.S. 28-173, the predecessor of G.S. 28A-18-2, prior to its amendment in 1951. *Brown v. Casualty Co.,* 285 N.C. 313, 204 S.E. 2d 829 (1974) ; *Kinlaw v. R. R.,* 269 N.C. 110, 119, 152 S.E. 2d 329 (1967) ; *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761 (1963) ; *McCrater v. Engineering Corp.,* 248 N.C. 707, 104 S.E. 2d 858 (1958).

G.S. 1-15(a), a general provision applicable to all statutes of limitations, provides, "Civil actions can only be commenced within the periods prescribed in this Chapter, *after the cause of action has accrued,* except where in special cases a different limitation is prescribed by statute." (Emphasis added.) "In no event can a statute of limitations begin to run until plaintiff is entitled to institute action." Strong, N. C. Index 2d, Limitation of Actions, § 4. "The cause of action does not accrue until the injured party is at liberty to sue. The statute of limitations begins to run only when a party becomes liable to an action." *Aydlett v. Major & Loomis Co.,* 211 N.C. 548, 551, 191 S.E. 31 (1937). "Generally, a cause of action accrues to an injured party so as to start the running of the statute of limitations when he is at liberty to sue, being at that time under no disability." *Insurance Co. v. Insurance Co.,* 277 N.C. 216, 222, 176

S.E. 2d 751 (1970). "Ordinarily, the period of the statute of limitations begins to run when *the plaintiff's right* to maintain an action *for the wrong alleged* accrues. The cause of action accrues *when the wrong is complete,* even though the injured party did not then know the wrong had been committed." (Emphasis added.) *Wilson v. Development Co.,* 276 N.C. 198, 171 S.E. 2d 873 (1970). "The only exception [prior to 1971], as pointed out in *Lewis v. Shaver* [236 N.C. 510, 73 S.E. 2d 320 (1952)], relates to actions grounded on allegations of fraud and mistake. G.S. 1-52(9)." *Shearin v. Lloyd,* 246 N.C. 363, 370, 98 S.E. 2d 508 (1957).

[2] Obviously, the plaintiff could not bring an action for the wrongful death of her intestate until he died. She did so within two years from his death. Consequently, the action is not barred by G.S. 1-53(4), the statute of limitations relating specifically to actions for wrongful death.

[3] We are thus brought to the question of whether the uncontroverted facts (for the purpose of this appeal) gave rise to a cause of action in the plaintiff for the wrongful death of her intestate. G.S. 28A-18-2, above quoted, makes it a condition precedent to such right of action in this plaintiff that the death of her intestate was caused by a wrongful act, neglect or default of the manufacturer of this crane "such as would, if the injured person had lived, have entitled him to an action for damages therefor."

It will be observed that this condition precedent to the maintenance of this action does not, by its express terms, include a time limitation but, upon its face, relates to the nature of the "wrongful act, neglect or default" which caused the death and to the legal capacity of the decedent to sue therefor had he lived. For example, the administrator of an employee within the Workmen's Compensation Act cannot sue the employer for the wrongful death of the employee since the employee could not have sued the employer for his injury had he lived. *Horney v. Pool Co.,* 267 N.C. 521, 148 S.E. 2d 554 (1966). Likewise, except as G.S. 1-539.21 now provides, the administrator of an unemancipated minor child cannot bring an action for wrongful death against the child's negligent parent. *Capps v. Smith,* 263 N.C. 120, 139 S.E. 2d 19 (1964); *Lewis v. Insurance Co.,* 243 N.C. 55, 89 S.E. 2d 788 (1955); *Goldsmith v. Samet,* 201 N.C. 574, 160 S.E. 835 (1931). In *Hoover v. R. R.,*

46 W.Va. 268, 33 S.E. 224 (1899), quoted with approval by this Court in *Causey v. R. R.*, 166 N.C. 5, 81 S.E. 917 (1914), the Supreme Court of West Virginia said the similar wrongful death statute of that state, "plainly relates to the character of the injury, without regard to the question of time of suit or death."

The alleged "wrongful act, neglect or default" of the defendant's predecessor (which, for the purposes of this appeal, we must take to be established as a fact) is in the manufacture and sale of a crane which, by reason of its design and the materials used in its manufacture, was defective so that the boom fell while it was being used as contemplated by the manufacturer, struck the plaintiff's intestate on the head and killed him, death apparently being instantaneous. Clearly, nothing else appearing, the plaintiff's intestate, an employee of the ultimate purchaser and owner of the crane, had he lived, could have maintained an action for damages against such manufacturer-seller. *Douglas v. Mallison*, 265 N.C. 362, 370, 144 S.E. 2d 138 (1965); *Wyatt v. Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21 (1960); *Gwynn v. Motors, Inc.*, 252 N.C. 123, 113 S.E. 2d 302 (1960); *Lemon v. Lumber Co.*, 251 N.C. 675, 111 S.E. 2d 868 (1960); *Tyson v. Manufacturing Co.*, 249 N.C. 557, 107 S.E. 2d 170 (1959). Thus, if the condition precedent to the maintenance of the plaintiff's action for his wrongful death is limited to the nature of the manufacturer-seller's "wrongful act, neglect or default" and to the legal capacity of the plaintiff's intestate to sue, that condition has been satisfied and the action is maintainable.

The defendant, however, contends that the condition precedent set forth in G.S. 28A-18-2(a) is not so limited. The defendant contends that this condition precedent extends also to the time period within which the plaintiff's intestate could have instituted an action against the defendant for damages had the plaintiff's intestate lived. Courts of other states have so construed similar provisions in the wrongful death statutes of those states. *Ellis v. Black Diamond Coal Mining Co.*, 268 Ala. 576, 109 So. 2d 699 (1959); *Milford Memorial Hospital, Inc. v. Elliott*, 58 Del. 480, 210 A. 2d 858 (1965); *Myers v. Plattsburgh*, 214 N.Y.S. 2d 773 (1961); *Howard v. Bell Telephone Co.*, 306 Pa. 518, 160 A. 613 (1932); *Street v. Consumers Mining Corp.*, 185 Va. 561, 39 S.E. 2d 271 (1946). These cases hold that if a statute of limitations has run so that, at the time of the bringing of the wrongful death action, a suit by the deceased for his

injuries would have been barred, the action for wrongful death cannot be maintained.

That is, the defendant contends that, had the plaintiff's intestate survived the blow on the head, he would not have been "entitled" to an action for damages for his injury, due to the passage of time (approximately 19 years) between the manufacture and sale of the crane and the injury to the plaintiff's intestate, and, for that reason, the plaintiff may not maintain this action for wrongful death. We, therefore, turn to the question of whether, had the plaintiff's intestate survived the blow on the head, he could lawfully have instituted against the defendant an action for his injuries proximately caused by the alleged negligence in the design and manufacture of the crane 19 years before the boom fell upon him.

We turn first to G.S. 1-52, which, in conjunction with G.S. 1-46, provides as follows:

G.S. 1-46: "Periods prescribed. — The periods prescribed for the commencement of actions, other than for the recovery of real property, are as set forth in this article."

G.S. 1-52: "Three years. — Within three years an action—

*     *     *

"(5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter eumerated. * * * ." (Emphasis added.)

Obviously, the negligence of the defendant (assumed for the purposes of this appeal) would confer no right of action upon the plaintiff's intestate until he suffered an injury proximately caused thereby. Until then, his cause of action was not complete and, nothing else appearing, the three-year statute would not begin to run against his right to sue. Wilson v. Development Co., supra; Insurance Co. v. Insurance Co., supra; Strong, N. C. Index 2d, Limitation of Actions, § 4; McIntosh, North Carolina Practice and Procedure, 2d Ed. § 291; 51 AM. JUR. 2d, Limitation of Actions, § 107; 54 C.J.S., Limitation of Actions, §§ 108, 109. The cited section in American Jurisprudence states, "In other words, an action cannot be maintained until a right of action is complete, and hence the statute of

limitations cannot run before that time." The above cited section 108 in Corpus Juris Secundum states, "No statute of limitations runs against a person until he is allowed by law to do the things as to which the statute is interposed."

The defendant says, however, the condition precedent established by G.S. 28A-18-2 (a) has not been met because the plaintiff would not have been entitled to maintain an action for damages for his injuries, had he survived, for the reason that G.S. 1-15 (b) would deprive him of that right. That statute reads:

"(b) Except where otherwise provided by statute, a cause of action, *other than one for wrongful death,* having as an essential element *bodily injury* to the person or a defect in or damage to property *which originated under circumstances making the injury,* defect or damage *not readily apparent to the claimant at the time of its origin,* is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that *in such cases* the period shall not exceed ten years from the last act of the defendant giving rise to the claim for relief." (Emphasis added.)

To construe this statute, enacted in 1971, we must take into account the law of this State, as declared by this Court, prior to its enactment. In *Shearin v. Lloyd, supra,* and in *Lewis v. Shaver, supra,* this Court affirmed judgments of involuntary nonsuit in actions for medical malpractice for the reason that the plaintiff had not brought the action within the period of the applicable statute of limitations. In each case, the plaintiff contended that the action was not barred by the statute because it was brought within three years after the plaintiff discovered the injury. In *Shearin v. Lloyd, supra,* the action was brought for damages caused by the negligence of a surgeon who was alleged to have left a gauze sponge within the plaintiff's body when he closed the surgical incision. This was not discovered until a second operation was performed, substantially later. The action was brought within three years from the discovery of the foreign object in the patient's body but more than three years after the first operation. In *Lewis v. Shaver, supra,* the surgeon was sued for the alleged unauthorized tying of the plaintiff's Fallopian tubes in the course of a surgical procedure,

the plaintiff not knowing this was contemplated and, so, not having consented thereto. This was not discovered by the plaintiff until a substantial time thereafter. She brought her action within three years after the discovery of the alleged trespass but more than three years after it occurred. In each case, this Court held the injury occurred and the cause of action was complete at the time of the first operation and the statute of limitations began immediately to run although the plaintiff did not then know of the injury.

Similarly, in *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1 (1965), this Court affirmed a judgment of involuntary nonsuit on the ground that the plaintiffs' action for damage to their home from a defective oil-burning furnace was barred by the statute of limitations. The plaintiffs alleged that, by reason of defects in the furnace sold to them and installed by the defendant, their home and furnishings were damaged by smoke and soot. This Court held the cause of action was for breach of contract and accrued when the defective furnace was installed and the statute of limitations began then to run. We said: "The accrual of the cause of action must therefore be reckoned from the time the first injury, however slight, was sustained. * * * It is likewise unimportant that the harmful consequences of the breach of duty or of contract were not discovered or discoverable at the time the cause of action accrued." To the same effect was the decision of this Court in *Motor Lines v. General Motors Corp.,* 258 N.C. 323, 128 S.E. 2d 413 (1962), in which this Court held the right of action for breach of warranty in the sale of a truck accrued immediately upon the sale and delivery of the truck, not upon its subsequent destruction by fire due to a defect in its manufacture, and, therefore, the statute of limitations applicable to such action began to run at the time of the sale and delivery, even though the defect was not then discovered or readily discoverable.

[4] The purpose of G.S. 1-15 (b) was to give relief to injured persons from the harsh results flowing from this previously established rule of law. By the enactment of this statute in 1971, the Legislature provided that a cause of action, having as an essential element bodily injury or a defect in property, "which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin," is deemed to have accrued at the time of the injury, was discovered or ought reasonably to have been dis-

covered by the claimant. Thus, the purpose of this statute was to enlarge, not to restrict the time within which an action for damages could be brought.

[5]   To prevent the statute from subjecting tort feasors to suit for alleged acts or defaults so far in the past that evidence as to the event would be difficult to secure and intervening causes would be likely, though difficult to prove, the Legislature added this proviso: "[p]rovided that *in such cases* the period [i.e., the period within which the action may be brought] shall not exceed ten years from the last act of the defendant giving rise to the claim for relief." (Emphasis added.) Expressly, the proviso is limited to "such cases"; that is, the proviso applies only to cases in which the bodily injury, or defect in property, for which damages are sought was not readily apparent to the claimant at the time of its origin. In such case, the action must be brought within ten years from the wrongful act or default even though the plaintiff did not discover the injury until later.

[6]   This statute has no application whatever to the present case for two reasons. First, it expressly states that it does not apply to an action for wrongful death. Second, had the plaintiff's intestate survived, his cause of action would not come within the terms of this statute because his injury was apparent as soon as it occurred. The plaintiff's intestate would have been suing for personal injury caused by the negligence of one with whom he had no contractual relation, not for a defect in a product constituting a breach of warranty made to him by the manufacturer-seller. Thus, his cause of action would have accrued when he was injured and the three-year statute of limitations would have begun to run at that time, not at the time of the defendant's negligent act or omission.

This is not inconsistent with *Shearin v. Lloyd, supra,* and the other cases above cited which gave rise to the enactment of G.S. 1-15 (b). In each of those cases, the cause of action accrued, and the statute began to run, when the injury occurred, not before that date. What this Court there held was that, the injury having occurred, the statute began then to run, even though the plaintiff did not know he or she had been injured. In the present case, there was no injury to the plaintiff's intestate until the boom fell on 14 June 1972, and so, had he survived, his right of action then accrued and would not have been barred by the three-year statute at the time the plaintiff administratrix instituted the present action for wrongful death.

The present case is distinguishable from *Brown v. Casualty Co.*, 285 N.C. 313, 204 S.E. 2d 829 (1974). In that case, the plaintiff sued under the uninsured motorist insurance endorsement affixed to an automobile liability insurance policy to recover damages for the death of the plaintiff's intestate in an automobile collision caused by the negligence of a hit and run driver. The action was brought more than two years after the death. Therefore, when the suit on the contract of insurance was instituted, an action against the unknown hit and run motorist for wrongful death would have been barred by G.S. 1-53(4). The plaintiff contended that the action against the insurance company was for breach of contract and, therefore, the three-year statute applied and the action was not barred. The policy provided that the company would "pay all sums *which the insured or his legal representative shall be legally entitled to recover* as damages from the owner or operator of an uninsured automobile because of: (a) bodily injury, sickness or disease, including death resulting therefrom sustained by the insured * * *." (Emphasis added.) Thus, the contract imposed a condition precedent to recovery from the insurance carrier, which condition was that the plaintiff be "legally entitled to recover" from the wrongdoer. Speaking through the present Chief Justice, this Court held that since the two-year statute of limitations had barred the insured's claim against the tort feasor, he was not "legally entitled to recover" damages from the tort feasor and so could not recover against the insurer. This was a matter of construing the insurance contract.

[6]    It is not necessary, however, in the present case, for us to determine whether, if, at the time the action for wrongful death was instituted, the statute of limitations had fully run so that an action by the plaintiff's intestate would have been barred, the plaintiff administratrix would, in consequence, be barred even though the statute of limitations specifically relating to actions for wrongful death had not run its course. In the present case, for the reasons above stated, the plaintiff's intestate, had he lived, would not have been barred by G.S. 1-52(5), the three-year statute, nor would he have been barred by the proviso in G.S. 1-15(b).

We are not unmindful of the fact that the alleged wrongful act or neglect of the defendant's predecessor occurred, if it occurred at all, 19 years prior to the injury sustained by the plaintiff's intestate. It is for the Legislature, not for this Court,

to impose, as a condition precedent to liability for personal injury, that the injury must occur within a specified time after the wrongdoing which is alleged to have been the proximate cause. Neither G.S. 1-52(5), the three-year statute of limitations, nor G.S. 1-15(b), creates such a condition precedent to liability in a case, such as this, where no injury, to the plaintiff's intestate, known or unknown, occurred more than three years prior to the institution of the action.

As this Court said, speaking through Justice Bobbitt, later Chief Justice, in *Shearin v. Lloyd, supra,* at page 371:

> "The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time. *Butler v. Bell,* 181 N.C. 85, 106 S.E. 217. In some instances, it may operate to bar the maintenance of meritorious causes of action. When confronted with such a cause, the urge is strong to write into the statute exceptions that do not appear therein. In such case, we must bear in mind *Lord Campbell's* caution: 'Hard cases must not make bad laws.' "

Likewise, concern for manufacturers charged with negligence in the distant past, when memories have grown dim and records hard to locate in the files, does not authorize this Court to enlarge the protections given them by the Legislature and, thus, cut off the right of one injured by a negligently made product to sue for redress of his injury before the injury occurs.

In *Williams v. General Motors Corp.,* 393 F. Supp. 387 (MDNC 1975), United States District Judge Ward held, in a case quite similar to the one now before us, that the action for wrongful death did not accrue until the death occurred and G.S. 1-15(b) does not require such action to be brought within ten years from the last act of the defendant giving rise to the claim for relief. The Court said, "The statute of limitations cannot begin to run against an aggrieved party who under no circumstances could have maintained an action at the time the wrongful act was committed until that aggrieved party becomes entitled to maintain an action." Likewise, in *Stell v. Firestone Tire & Rubber Co.,* 306 F. Supp. 17 (WDNC 1969), the Court held that a cause of action for injury sustained in an accident allegedly caused by the failure of a defectively manufactured tire did not accrue, and the statute of limitations did not begin to run thereon, until the accident occurred and the injury was thereby sustained.

In *Causey v. R. R., supra,* the plaintiff's intestate was injured in 1903 and his death, conceded to have been caused by the injury, did not occur until 1912. Obviously, the plaintiff's intestate's right of action for damages for his injuries was barred by the statute of limitations when he died. Suit for wrongful death was brought by his administrator and this Court held the cause of action for wrongful death was not barred by the statute of limitations, saying:

> "If there is no privity between the administrator and the intestate as to this cause of action, and the former succeeds to no rights of the other, it is illogical, as it appears to us, to hold that the failure of the intestate to sue for personal injury will bar the right of the administrator to recover damages for death, when the first right of action could not pass to the administrator and the second did not exist until death."

It is not necessary for us in the present action to determine whether *Causey v. R. R., supra,* was correctly decided or whether it is consistent with our decision in *Brown v. Casualty Co., supra.* In the present case, contrary to the situation in each of those cases, the plaintiff's intestate, had he lived, would not, at the time the plaintiff instituted this action, have been barred from instituting an action for damages for his bodily injuries.

Consequently, the Superior Court was in error in granting the motion of Clark Equipment Company for summary judgment dismissing the action as to it and the Court of Appeals correctly vacated that judgment.

Affirmed.

Justice BRANCH concurring.

In her dissenting opinion, Chief Justice Sharp condemns the holding of the Court in *Causey v. Railroad,* 166 N.C. 5, 81 S.E. 917, to the effect that the statute of limitations does not begin to run against a personal representative until the death of his decedent notwithstanding the fact that the action for the personal injuries which caused decedent's death was barred when he died. I agree. I am also in accord with that portion of Justice Moore's dissent in which he concluded that "the exclusion of wrongful death actions from the operation of G.S. 1-15(b) was intended only to preserve the two-year statute of

limitations . . . for wrongful death actions." However, for reasons hereinafter stated, I do not believe that the questioned holding in *Causey* or the wrongful death exclusion of G.S. 1-15(b) is before us on this appeal.

[6]   I am in agreement with the principal reasoning and the result reached in the majority opinion because, in my view, *the provisions of G.S. 1-15(b) have no application whatever to the facts of this case.*

For more than 144 years it has been recognized in this jurisdiction that a statute of limitations does not begin to run until after the cause of action has accrued and the plaintiff has a right to maintain a suit. *City of Reidsville v. Burton,* 269 N.C. 206, 152 S.E. 2d 147; *Miller v. Shoaf,* 110 N.C. 319, 14 S.E. 800; *Godley v. Taylor,* 14 N.C. 179. If the demanding party is under no disability, the statute begins to run at the time the plaintiff suffers some injury, however slight, such as entitles him to maintain an action. It then continues to run until stopped by appropriate judicial process. This rule is subject to certain exceptions such as torts grounded on fraud or mistake. *Matthieu v. Piedmont Natural Gas Co.,* 269 N.C. 212, 152 S.E. 2d 336; *B-W Acceptance Corp. v. Spencer,* 268 N.C. 1, 149 S.E. 2d 570. In each of the above-cited cases there was a wrong committed and *some* injury suffered by each plaintiff which resulted in an immediate right to bring the action.

The rule that the appropriate statute of limitations begins to run from the accrual of the action, *i.e.,* the time when the plaintiff is initially injured, became so firmly embedded in our case law that we rigidly applied the rule even when the plaintiff was without knowledge as to the facts constituting the cause of action. *Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320; *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508; *Matthieu v. Piedmont Natural Gas Co., supra; Sellers v. Refrigerators, Inc.,* 283 N.C. 79, 194 S.E. 2d 817. The enforcement of this unyielding and rigid rule often produced harsh and inequitable results. It, therefore, seems apparent that the legislature enacted G.S. 1-15(b) to relieve the harsh results flowing from the existing case law.

G.S. 1-15(b) provides:

(b) Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element bodily injury to the person or a

defect in or damage to property *which originated under circumstances making the injury, defect or damage not readily apparent to the claimant* at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that *in such cases* the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief. [Emphasis ours.]

[5]    The provisions of G.S. 1-15(b) relate to causes of action which originate under circumstances making the injury, defect or damage not readily apparent to the claimant. The ten-year limitation contained in the proviso of the statute, therefore, must refer only to cases in which the injury was not readily apparent. Obviously, under the facts of instant case, the injury was readily apparent. Plaintiff had no privity or contractual relationship with defendant and was not injured in any way when the crane was manufactured, sold or assembled. His initial injury occurred on 14 January 1972 and at that time his cause of action accrued.

Had the legislature intended to apply the ten-year proviso of the statute to *all cases,* it could have easily so provided without resorting to the cumbersome language of G.S. 1-15(b).

For the reasons stated, I concur in the majority opinion.

Justice HUSKINS joins in this concurring opinion.

Justice EXUM concurring.

I concur in the opinion of the majority and, except as noted, in the concurring opinion of Justice Branch.

General Statute 1-15(b) provides:

"Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element *bodily injury to the person or a defect in or damage to property* which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such

cases the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief." (Emphasis added.)

It is clear to me that the words "bodily injury to the person or a defect in or damage to property" refer to bodily injury to the claimant or a defect in or damage to property *belonging to the claimant* which injury, defect or damage is latent, or, in the words of the statute "not readily apparent to the claimant." It is also clear that the word "injury" in the seventh line of the statute as quoted above includes personal injury, property damage, and defects in property upon which a claim for relief might be based. The statute amends our traditional rule by which the claim for relief accrued at the time the claimant suffered some injury, however latent, technical or inconsequential, because of a trespass to his person or a defect in or damage to *his own* property. Under the statute his claim accrues from the time the personal injury, defect in or damage to property, if latent, was actually discovered or should reasonably have been discovered "by the claimant." (How could a claimant be expected ever to discover a latent defect in the property of another before he is hurt by it?) The statute then provides that in this kind of case the claimant shall have no more than 10 years from the last act of the defendant giving rise to his claim to make discovery and to bring suit.

It is not necessary to condemn or overrule this Court's holding in *Causey v. R. R.*, 166 N.C. 5, 81 S.E. 917 (1914) and I am not willing to say now that this case was wrongly decided.

**[5, 6]** The essential point made well by the majority opinion and by Justice Branch in his concurring opinion is that here there is no latent injury. Therefore General Statute 1-15(b) simply has no application to these facts. In *Pinkston v. Hamilton Company*, No. 120, Fall Term 1976, argued in this Court on November 11, 1976, involving facts which, materially, are the same as in the instant case, both counsel for the plaintiff and the defendant in oral argument agreed that General Statute 1-15(b) did not apply.

The error in the reasoning of the dissenters becomes apparent, it seems to me, when they base their view on an assumed defect in the crane which they say was "not readily apparent to the claimant." The only references in the record to the defect

in the crane are allegations in the complaint that the crane was negligently manufactured and designed. Nowhere is the precise nature of the defect described. It may be that the defect is perfectly obvious to any knowledgeable observer. Furthermore when, if ever, should the decedent, who never owned the crane or, as far as we know, had it in his possession, have reasonably discovered the defect? I am at a loss to understand how the dissenters would dismiss this claim on their assumption, unsupported by anything in the record, that the defect in the crane was latent, hidden, or "not readily apparent to the claimant."

*Brown v. Casualty Co.*, 285 N.C. 313, 204 S.E. 2d 829 (1974), relied on by the Chief Justice in her dissent stands ultimately for the proposition that if a claim for wrongful death is brought more than two years from the date of death it is barred by General Statute 1-53(4) whether the defendant is the hit and run motorist or the deceased's liability insurance carrier. The Chief Justice's statement that General Statute 1-15(b) when "[r]ead in context . . . also refers, by necessary implication, to bodily injury caused by a defect in property not apparent at the time of its origin" is correct only if the "property" referred to is that of the claimant himself. If the "property" referred to belongs to someone other than the claimant then this statement seems to amend rather than construe the statute.

Neither do I understand the import of the Chief Justice's statement that under the majority's interpretation General Statute 1-15(b) "will extend the time for bringing an action in a situation similar to that in *Jewell v. Price*, 264 N.C. 459, 142 S.E. 2d 1 (1965), where a plaintiff sued to recover damages for the destruction of his home by a fire caused by a defective furnace, but it will bar the same plaintiff if he sues to recover for personal injuries sustained in the same blaze." In such a case, the statute, as interpreted by the majority, would operate as follows: When a defective furnace is installed in a home, the owner has an immediate claim for relief grounded on this defect. If the defect is not readily apparent to the owner when the furnace is installed, General Statute 1-15(b) provides that the owner's claim, instead of accruing at the time of installation, accrues when the defect is discovered or ought reasonably to have been discovered by him. In no event may the owner have longer than 10 years from the defendant's last act causing the defect in the furnace to make discovery and to

bring suit. If the defective furnace caused the home to be burned and the owner to be injured in the fire, the owner's claims for property damage and personal injury would both be subject to a statute of limitations defense if the owner delayed filing suit more than three years from the date of the fire or more than 10 years from the last act of the defendant causing the defect in the furnace. The distinction between this situation and the case now before us is that there was an extant claim which could have been brought immediately after the defective furnace was purchased. Raftery on the other hand had no claim whatever until he was hurt and killed by the crane.

Chief Justice SHARP dissenting:

I concur in the dissenting opinion of Justice Moore and add the following additional observations.

The rationale of the majority opinion is: (1) that G.S. 1-15(b), by its terms, has no application to any action for wrongful death or to an action for personal injuries when the injury is instantaneous and immediately apparent; and (2) that since plaintiff's intestate sustained no injury until the time of his death, no statute of limitation bears upon plaintiff's action except G.S. 1-53(4), which prescribed a two-year period for the bringing of an action for wrongful death.

For the reasons hereinafter stated, it is my view that plaintiff's suit is barred by the interaction of G.S. 1-15(b) and G.S. 28A-18-2, the statute which authorizes an action for wrongful death. Our wrongful death statute has remained basically unchanged since 1868 and, like the majority, I begin my analysis of this case with it.

In pertinent part G.S. 28A-18-2 provides:

"(a) When the death of a person is caused by a wrongful act, neglect or default of another, *such as would, if the injured person had lived, have entitled him to an action for damages therefor,* the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages, . . ." (Emphasis added.)

The clear meaning of the italicized clause is that had the deceased survived the injuries which caused his death and had he been legally entitled to recover damages therefor, his per-

Raftery v. Construction Co.

sonal representative then has a cause of action for his wrongful death based on whatever legal rights the decedent possessed at the time of his death. If the deceased had no legal rights, his administrator has none. The proviso thus refers not only to a deceased's substantive rights, but to the procedural limitations attending those rights. Therefore, if the deceased was barred by the applicable statute of limitations at the time of his death from maintaining an action for personal injuries then his personal representative will also be barred from maintaining an action for wrongful death resulting from those injuries.

This construction follows that of a majority of the jurisdictions which have considered this problem. *See* page 5 of the majority opinion and cases therein cited. It is also the rationale adopted by this Court in *Brown v. Casualty Co.,* 285 N.C. 313, 204 S.E. 2d 829 (1974). In *Brown,* the plaintiff's intestate died on 26 April 1969 when his car left the highway and crashed after having been struck in the rear by a hit-and-run driver. The plaintiff sought to recover the policy limit from the deceased's automobile liability insurance carrier under the uninsured motorist rider which required the insurer "to pay all sums which the insured . . . shall be *legally entitled to recover as damages* from the owner or operator of an uninsured automobile. . . . " (Emphasis added.) The plaintiff brought her suit on 25 April 1972.

In *Brown v. Casualty Co., supra,* we held that "[t]o be 'legally entitled to recover damages' a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damages to judgment," *id.* at 319, 204 S.E. 2d at 833, and that the defense of the statute of limitations stands upon the same plane as any other legal defense. Since the insured had died, any suit against the hit-and-run motorist to recover for his wrongful death would have had to have been brought within two years of the death. G.S. 1-53(4). Therefore, a recovery based on the insured's legal rights also had to meet the two-year bar. The suit against Casualty Company having been filed almost three years after the accident and death, we held that the insured was not "legally entitled to recover" from the unidentified uninsured motorist and hence the plaintiff, his personal representative, could not recover from his insurer.

There can be no significant difference between the import of the italicized phrase in the insurance policy, which required

the insurer to pay the sums which the insurer was "legally entitled to recover as damages" from the owner or operator of an uninsured automobile, and the similar phrase in the wrongful death statute giving a personal representative a cause of action when the death of his decedent was caused by the wrongful or negligent act of another such as would, had the injured party lived, "have entitled him to an action for damages therefor." It matters not that one clause is found in an insurance contract and the other in the statute books. The same logic which compelled the first construction compels the second.

In support of its conclusion that the plaintiff's action is not barred by the statute of limitations, the majority cites *Causey v. R. R.*, 166 N.C. 5, 81 S.E. 917 (1914). This case holds, *inter alia*, that the statute does not begin to run against a personal representative's action for wrongful death until the demise of the decedent, notwithstanding the fact that his action for the personal injuries which caused his death was barred when he died.

The facts in *Causey v. R. R., supra*, were these: Causey, a railroad employee, died on 7 June 1912 from injuries sustained on 1 December 1903 as a result of the negligence of defendant Railroad. On 27 December 1903, in consideration of $75.00, the Railroad's claim agent obtained a release from the injured Causey. In the action brought by Causey's administrator in 1912 for his wrongful death, the release was set aside and the plaintiff allowed to recover for his intestate's wrongful death.

At the time of Causey's death both his action to rescind the release and to recover for his personal injuries were barred by the statute. Notwithstanding, this Court held that although "[o]rdinarily, the bar of the statute is a good defense against the administrator, if available against the intestate," in an action for wrongful death there was no privity between the administrator and his intestate. Therefore, the lapse of time between the injury and the death of the intestate would not bar the administrator's action for wrongful death, which did not come into existence until the death. The rationale was that the statutory requirement that the deceased, at the time of his death, must have been entitled to recover for the injuries which caused his death relates to the character of the injury without regard to the question of time of suit or death.

Causey had not been decided two years before the Court began to back away from that decision. In *Edwards v. Chemical Co.*, 170 N.C. 551, 87 S.E. 635 (1916), the Court held that the intestate's action for personal injuries and his administrator's action for wrongful death were based on "a single wrong," and a defendant who had compensated the deceased for his injuries during his lifetime did "not answer the description of 'the person who would have been liable if death had not ensued.' . . . " The Court said, "The statute may well be construed as meaning that the party who at the time of the bringing of the action 'would have been liable if death had not ensued' shall be liable to an action notwithstanding the death, etc." *Id.* at 555, 87 S.E. at 637. With reference to *Causey* the Court said: "We were referred by counsel to *Causey v. R. R.*, 166 N.C. 5, as being in contravention of our present ruling, but we do not so interpret the decision." *Id.* at 555, 87 S.E. at 637.

Not since *Mitchell v. Talley*, 182 N.C. 683, 109 S.E. 882 (1921), a case involving only a personal representative's right to attach the property of the defendant in a wrongful death action, has this Court cited *Causey* in any case involving the wrongful death statute. When infrequently cited during the past 55 years, it has been with reference to fraud as grounds for rescission of an instrument.

It is my view that the decision in *Causey* was clearly wrong. It cannot be reconciled with the express words of the wrongful death statute, and it is inconsistent with the Court's unanimous decision in *Brown v. Casualty Co.*, *supra*, rendered in 1974, sixty years later. *Causey* should be specifically overruled forthwith and not left, like a misplaced street sign, to create confusion. *See Williams v. General Motors Corporation*, 393 F. Supp. 387, 395 (1975).

Since a personal representative's action for wrongful death is barred by any statute of limitation which would have barred his decedent's action for personal injuries, the question we must decide here is whether the deceased Raftery, had he lived, could have maintained an action. Defendant contends that had Raftery survived his injuries, G.S. 1-15(b) (1971) would have prevented him from maintaining an action. This statute provides:

"(b) Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element bodily injury to the person or a defect in or

damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed 10 years from the last act of defendant giving rise to the claim for relief."

As noted earlier, the majority's first contention with reference to G.S. 1-15 (b) is that it has no application to this case because wrongful death is specifically excepted from those actions deemed to have accrued at the time the personal injury, defect in or damage to property is or should have been discovered by the claimant. This same contention, along with the effect of G.S. 1-15 (b) upon the wrongful death statute (G.S. 28A-18-2), was considered in *Arrowood v. General Motors Corp.*, 539 F. 2d 1321 (4th Cir. 1976). That case involved an action for wrongful death arising out of an instantaneously fatal automobile accident which was caused by a concealed defect in a car purchased by decedent more than three years before his death. Except when quoted, the analysis of G.S. 1-15 (b) by Russell, Circuit Judge, who wrote the opinion of the court in *Arrowood*, is summarized below:

1. By the "excepting phrase" in G.S. 1-15 (b) the legislature expressed its intention that this section should not "permit an action for wrongful death, whether one arising out of a product defect or otherwise, to be begun more than two years after death; it intended that § 1-53 (4) should continue to control the accrual date of actions for wrongful death and the time when the statute of limitations should begin to run. Specifically, it did not intend to delay the accrual of . . . wrongful death actions involving a product defect until discovery of the defect, which was the effect of § 1-15 (b) for personal injury actions, but intended that the accrual of such action should remain the date of death as fixed by § 1-53 (4)." 359 F. 2d at 1324.

2. Without the excepting language, G.S. 1-15 (b) would have changed the date on which the statute of limitations began to run on an action for wrongful death involving a product defect from the date of death to "the time when the defect in the product causing death was discovered or by the exercise of due diligence should have been discovered." (However, the period

for discovery "shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief.") Without the excepting clause, "the accrual of a right of action in such a situation [would be] identical for personal injury actions and for wrongful death actions"; and, in some cases, the omission of the exception of wrongful death actions would have extended the time for the accrual of such an action far beyond two years from the date of death. To this extent G.S. 1-15(b) would have amended G.S. 1-53(4). *Id.* To prevent this result the General Assembly inserted the exception for wrongful death.

3. "The excepting phrase in § 1-15(b), though, did not mean that actions for wrongful death due to an allegedly defective product were to be held to accrue, and the statute of limitation to begin to run, as of the date of the purchase of the product. . . . " When G.S. 1-15(b) is considered along with the wrongful death statute itse'f, it is clear that it bears directly on the one basic condition for the right to an action for wrongful death, *i.e.,* that " 'injured party,' if he had lived, could have maintained an action for personal injuries. If he could, the action for wrongful death exists; if he could not, the action does not exist." *Id.*

4. When G.S. 1-15(b) removed the requirement that an action for personal injuries arising out of a concealed product defect must be brought within three years after purchase of the product it removed the requirement not only for any suit for personal injuries not barred on the date of its ratification (21 July 1971) but also "for the hypothetical [suit for personal injuries] stated in § 28-173 [now 28A-18-2] by way of a condition to the maintenance of an action for wrongful death. However, . . . [a]n action for wrongful death must still be brought within two years from death as expressly provided in § 1-53(4) and not two years from the discovery of the defect in the product. This was the purpose, and the sole purpose, as we see it, of the excepting phrase in § 1-15(b)." *Id.* at 1325.

I find no flaw in Judge Russell's interpretation and analysis of G.S. 1-15(b). Thus interpreted G.S. 1-15(b) bars plaintiff's right to recover for Raftery's death because, at the time of the injury which caused his death, more than ten years had elapsed since "the last act of the defendant giving rise to the claim for relief."

The majority view that obvious personal injuries caused by a defect in or damage to property not readily apparent at the time of its origin are not within the purview of G.S. 1-15(b) is inconsistent with the purpose of the statute and too strict a construction to be reasonable. *See Arrowood v. General Motors Corp., supra* at 1322-23. As already noted, causes of action affected by G.S. 1-15(b) are those, other than one for wrongful death, "having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of *its* origin." (Emphasis added.) The pronoun *its* refers equally to an injury to the person, a defect in property, and an injury to property. Read in context it also refers, by necessary implication, to bodily injury caused by a defect in property not apparent at the time of its origin.

In this case, taking the allegations of the complaint as true —which we must do at this stage of the proceedings—a defect in the crane, which was not apparent at the time of its origin in 1953, was the proximate cause of the bodily injury which resulted in the death of plaintiff's intestate in 1972. This concealed defect in property would have been "an essential element" in intestate's action for his personal injuries, had he survived them. However, since the defect had not been discovered for more than 10 years after its origin, G.S. 1-15(b) would have barred his action. That section therefore relates to and bars plaintiff's action for wrongful death. G.S. 28A-18-2.

The majority's assumption that in an action for an obvious personal injury caused by a hidden defect in property, the pronoun *its* (as used in G.S. 1-15(b)) refers to the personal injury alone, enures to plaintiff's benefit in this case. However, it will inevitably operate to the detriment of many future claimants and lead to some absurd results. For instance, this limited interpretation will extend the time for bringing an action in a situation similar to that in *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1 (1965), where a plaintiff sued to recover damages for the destruction of his home by a fire caused by a defective furnace, but it will bar the same plaintiff if he sues to recover for personal injuries sustained in the same blaze.

As the majority correctly observed, "The purpose of G.S. 1-15(b) was to give relief to injured persons from the harsh

results" flowing from such cases as *Jewell v. Price, supra;* *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508 (1967) ; and *Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320 (1952). *See* *Green v. M.T.D. Products, Inc.,* 449 F. 2d 757, 758 (4th Cir. 1971) "where the pertinent cases are collated." In view of this manifest legislative purpose I can only perceive G.S. 1-15(b) as having been broadly drawn to cover all cases where a claimant is exposed to a dormant peril which causes him injury at a time past the limits of otherwise applicable statutes of limitation, but not more than "10 years from the last act of the defendant giving rise to the claim for relief." This case falls within the 10-year proscription.

Under this interpretation, the right of plaintiff's intestate to recover for his personal injuries, had he survived, not only was barred by the passage of time before he ever suffered any injury, but also it might just as well have banished before he was born. The majority seems to have adopted its interpretation of G.S. 1-15(b) in order to avoid this result. However, even within the majority's construction, the statute operates to bar many causes of action before the claimant suffers injury. For example, the current owner of the crane is barred by G.S. 1-15(b) from recovering for the hidden defect which caused its failure in 1972. Indeed, his right was barred in 1963, three years before he bought the crane from its original purchaser. However, we must face the fact that solons cannot eliminate the possibility that in unusual situations hardships may result from the application of any statute however salutary its operation in general. Indubitably there can be perils and defects which will not cause injury until long after their origin. It is equally true that the passage of time may make impossible the proof of valid substantive defenses to an action based upon allegations of ancient wrongs or defects. This could be such a case.

Here it appears from the affidavits considered by the trial judge at the hearing upon the motions for summary judgment (1) that defendant-manufacturer had had no contact with the crane in suit since its sale to the J. M. Thompson Company in June 1953; (2) that Thompson Company used the crane in its general construction business for 13 years before selling it in 1966 to intestate's employer, Roger K. Barbour, t/a Industrial Welding Service; and (3) that Barbour had similarly used the crane for 6 years before it failed and caused intestate's death.

---
**Raftery v. Construction Co.**
---

In any event, the General Assembly has decided that for certain injuries resulting from nonapparent perils, the statute of limitations shall begin to run from the last act of the defendant giving rise to the claim for relief. That decision necessarily implies that some causes of action will be barred before the injury occurs or becomes reasonably discoverable. A sound public policy requires that at sometime an end must be put to liability, even if some meritorious claims are thereby cut off. The ultimate purpose behind statutes of limitation has not been to goad procrastinating claimants into asserting their rights but to protect defendants from claims which are too old to be adequately refuted. "The purpose of a statute of limitation is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time. . . . In some instances, it may operate to bar the maintenance of meritorious causes of action. When confronted with such a cause, the urge is strong to write into the statute exceptions that do not appear there. In such case, we must bear in mind Lord Campbell's caution: 'Hard cases must not make bad laws.' " *Shearin v. Lloyd, supra* at 371, 98 S.E. 2d at 514.

For the reasons stated, I join with Justice Moore in voting to reverse the decision of the Court of Appeals and to affirm the judgment of the Superior Court dismissing plaintiff's action.

Justice COPELAND joins in this dissenting opinion.

Justice MOORE dissenting:

I respectfully dissent from the opinion adopted by the majority and I would hold that the claim of plaintiff against defendant, Clark Equipment Company, should be barred.

G.S. 1-15(b) provides:

"Except where otherwise provided by statute, a cause of action, other than one for wrongful death, *having as an essential element* bodily injury to the person *or a defect in* or damage to *property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin,* is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that *in such cases the period shall not exceed 10 years from the last*

*act of the defendant giving rise to the claim for relief."* (Emphasis added.)

Under the rules of statutory construction, a statute is to be construed by its "plain meaning." G.S. 1-15(b) states that it is applicable to " . . . a cause of action . . . having as an essential element . . . a defect in . . . property . . . not readily apparent to the claimant at the time of its origin. . . . " The statute clearly states that the only requirement for an application of the ten-year statute is that the cause of action contain, as an essential element of proof, the fact of a defect in property. In instant case, an essential element of plaintiff's claim is that there was a defect in the property (a crane), and therefore G.S. 1-15(b) should operate to bar plaintiff's claim against defendant Clark Equipment Company.

The wording of the statute, "a cause of action, other than one for wrongful death," does not change my opinion that the ten-year limitation period applies to the case at bar. The words "cause of action" in the above quoted portion of the statute refer to a legislatively created claim for relief. In other words, the statute creates a remedy for those persons who are injured by an undiscoverable defect and extends the time for bringing such action to not more than ten years. As stated in the majority opinion, "The purpose of G.S. 1-15(b) was to give relief to injured persons from the harsh results flowing from this previously established rule of law [as delineated in *Jewell v. Price, supra,* and *Motor Lines v. General Motors, Corp., supra*] . . . . Thus, the purpose of this statute was to enlarge, not to restrict the time within which an action for damages could be brought." I would add, however, that in no event was the statute intended to extend the limitation period beyond ten years.

In my opinion, the exclusion of wrongful death actions from the operation of G.S. 1-15(b) was intended only to preserve the two-year statute of limitations, which we already had, for wrongful death actions. Otherwise, the two-year limitation would have been meaningless. For, if wrongful death actions had not been excluded, the time for bringing such actions would have been extended to not more than ten years from the time the hidden defect caused the death.

As the majority opinion states, the wrongful death statute, G.S. 28A-18-2, creates a condition precedent to the right of

action by a plaintiff that the death of the intestate was caused by the wrongful act, default, or neglect of the manufacturer of this crane, "such as would, if the injured person had lived, have entitled him to an action for damages therefor. . . ." The intent of the wrongful death statute was and is to require that a decedent, had he lived, have a cause of action in order for his personal representative to bring such action. The majority opinion defeats this intention and requirement.

Plaintiff brought this wrongful death action within two years of the date on which it occurred. Hence, it is not barred by the two-year statute. However, had plaintiff lived, he would have been barred by the ten-year statute which provides that for personal injuries "the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief." In this case, this period would be twenty years.

I agree with the majority that G.S. 1-15(b) was passed to prevent tort feasors from being subjected to suits arising from facts occurring many years in the past. I cannot agree that plaintiff is entitled to maintain an action for wrongful death due to an injury caused by an alleged defect in a crane over which defendant has had no control for twenty years. To so hold would be to place an unconscionable burden upon a manufacturer and subject him to stale claims arising from defects which occurred, if at all, ten, twenty-five or even fifty years ago. In such cases, a defendant would be without records or witnesses which may have been available at an earlier date. In my opinion, the majority defeats the intent of the legislature to limit such claims to a period not to exceed ten years.

I vote to reverse and, if necessary, to overrule *Causey v. R. R., supra,* relied on by plaintiff, which was decided prior to the enactment of G.S. 1-15(b).

Justice COPELAND joins in this dissenting opinion.